## In re LYMAN.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

1. LIQUOR-TAX LAW—REVOCATION OF LICENSE—SCHOOL BUILDING.

A school building, in which there was one small room used as a library in connection with the school, and in which charitable, religious, or temperance societies sometimes met in the evening, paying a nominal rent therefor, is a building occupied "exclusively" as a school house, within the meaning of the liquor-tax law (Laws 1896, c. 112), providing that no saloon shall be located within 200 feet of such building.

2. SAME—TRIAL—DISMISSAL.

Laws 1896, c. 112, § 28, provides that any citizen may petition for the cancellation of a liquor-tax certificate on the grounds that it was obtained by false material statements, and that costs in the proceedings may be awarded to the successful party. On petition for such cancellation on the grounds that the licensee had falsely stated that his premises were not within 200 feet of a building occupied exclusively as a school, the licensee denied that a certain building near his premises was so occupied. Before a determination of the petition the certificate expired. *Held,* that, the character of the school building and defendant's consequent rights being a matter of public interest, and plaintiff being entitled to costs if successful, he was entitled to a determination of the petition.

Appeal from special term.

Petition by Henry H. Lyman for the cancellation of a liquor-tax certificate issued to Patrick J. Monahan. From an order (59 N. Y. Supp. 968) canceling the certificate said Monahan appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Moses Weinman, for appellant.

Herbert H. Kellogg, for respondent.

McLAUGHLIN, J. On the 13th of May, 1898, a liquor-tax certificate was issued to Patrick J. Monahan, authorizing him to traffic in liquors at No. 1588 First avenue, in the city of New York. In November, following, application was made by the state commissioner of excise to revoke and cancel the certificate upon the grounds: (1) That the answers made by Monahan to two questions in his application for the certificate were false and material statements; and (2) that he had forfeited his right to the certificate by selling liquors, after the same was issued to him, contrary to law. The questions to which it was alleged he made false answers were: (1) "May the applicant lawfully carry on such traffic in liquors on such premises?" (2) "Does the applicant intend to traffic in liquors, under the certificate applied for, in any building, yard, booth, or other place which is on the same street or avenue and within 200 feet of a building occupied exclusively as a church or school house?" The first question was answered in the affirmative, and the second one in the negative. In the petition by which the proceeding was instituted it was alleged that in answer to the two questions the defendant made material, false statements in saying that his premises were not located within 200 feet of a building occupied exclusively as a church or school house, and that he could lawfully carry on the traffic of liquor on such premises. In the answer interposed to the petition the defendant de-

nied that his premises were located within 200 feet of St. Monica's School (the building referred to in the petition), or on the same street with it, or that that building was occupied exclusively as a school house. He also denied that he had forfeited his certificate by violating the law. The issues raised by the petition and answer were sent to a referee to take the proof and report the same to the court. Upon the coming in of the report, the court, at special term, held that Monahan's premises were located within 200 feet of a building used exclusively as a school house, and also that Monahan had forfeited his right to the certificate by violating the liquor-tax law, in selling liquors on Sunday. An order was made revoking and canceling the certificate, from which Monahan has appealed.

After a careful consideration of the testimony taken by the referee, we are entirely satisfied with the conclusion reached by the court at special term that St. Monica's School is a building used exclusively as a school house, within the meaning of the statute, and that Monahan's premises are on the same street, and less than 200 feet from it. It was conceded—at least, it was not seriously contested—that the appellant's saloon was located upon the same street, and was less than 200 feet from St. Monica's School. It was urged, however, in the court below, as it was on this appeal, that St. Monica's School Building was not used exclusively as a school house. The testimony taken by the referee showed that there was one small room in the school building which was used as a library, in connection with the school, and in which charitable, religious, or temperance societies occasionally met in the evening, and for which they paid a nominal rent to defray the cost of lighting and heating the room. The fact that these societies occasionally met in this room did not deprive the building itself of its general character. It was a school building, built for and devoted to that use, and used exclusively for that purpose, within the meaning and intent of the statute. The manifest purpose of the statute in this respect is to prevent the traffic in liquors within a specified distance of a school building, in order that the attendants of the school may not be subjected to the evil influences incident to or connected with the traffic in intoxicating liquors. This is the purpose of the statute, and the object sought to be accomplished by it, and as such it should receive a liberal construction. Unless the court can see that some portion of the building is devoted to an object foreign to education, it will not nullify the statute by depriving the building of the benefit sought to be conferred upon it. In People v. Murray, 148 N. Y. 171, 42 N. E. 584, the court held that a building erected and used for a school does not fail to come within the designation of a building occupied exclusively as a school house, merely because the teachers, or some of them, reside in it. In this room was the school library. Its use for that purpose was a part of the general work of the school, just as much as if it had been devoted to or used for a recitation room; and the fact that the meetings referred to were occasionally held in it did not, and could not, as I have already said, change the general character of the building itself. When, therefore, the appellant stated in his application that he did not intend to traffic in liquors, under the certificate applied for, in any building

which was on the same street or avenue, and within 200 feet of a building occupied exclusively as a church or school house, he stated what was not true. It was a material statement, and the court had no other alternative than to revoke and cancel the certificate. This conclusion renders it unnecessary to consider or pass upon the question of whether or not he had forfeited his right to the certificate by selling liquors on Sunday.

It is, however, urged by the appellant that, the time for which the certificate was issued having expired before the order revoking and canceling it was made, the proceedings for that reason should have been dismissed. We do not think so. The order was made under subdivision 2 of section 28 of the liquor-tax law (chapter 112, Laws 1896, and the amendments thereto). It settled and determined the character of St. Monica's School Building, and that the appellant had no right to traffic in liquors on the premises at the place for which he had applied for and obtained a liquor-tax certificate. This of itself constituted such interest, not only to the defendant, but to the public generally, as to require a decision. In re Goodman, 146 N. Y. 286, 40 N. E. 769. Under the statute, costs may be awarded in favor of the successful party, and for that reason the petitioner had the right to have the proceeding determined as of the day when the petition was filed; and the order, when it was made, related back to and took effect as of that day.

The order is right, and must be affirmed, with costs. All concur.