In re CULLINAN, State Com'r of Excise.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

INTOXICATING LIQUORS—CERTIFICATES—CANCELLATION.

> Under Liquor Tax Law 1897, p. 228, c. 312, § 27, forbidding the transfer of a liquor tax certificate by any holder of a certificate who shall have violated the provisions of the liquor tax law, a certificate was subject to cancellation in the hands of a bona fide transferee for violations of the law by the original holder.

Appeal from Special Term, Kings County.

Application of Patrick W. Cullinan, as State Commissioner of Excise, for an order revoking a liquor tax certificate issued to Panagioti Nicolya and transferred to Spero Gretes. From an order of cancellation, said Nicolya and Gretes appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

James A. Allen, for appellants.
H. H. Kellogg (Albert O. Briggs, on the brief), for respondent.

RICH, J. This is an appeal from an order revoking and canceling liquor tax certificate No. 10,239, issued to Panagioti Nicolya,

April 28, 1903, for traffic in liquors at Coney Island, borough of Brooklyn. Proceedings were instituted by the State Commissioner of Excise, who filed the usual petition in such cases, alleging unlawful sales of liquor at the certificated premises; and the court, at Special Term, found, upon abundant evidence, that Panagioti Nicolya had violated the liquor tax law on said premises on Sunday, July 19, 1903, and on Sunday, July 26, 1903, by selling whisky, and that after the violation of the liquor tax law by Nicolya, on the 14th day of August, 1903, he had presented to the special deputy commissioner of excise for the borough of Brooklyn a petition praying for the transfer of the said liquor tax certificate to the respondent Spero Gretes, in which petition he falsely and fraudulently stated that he had not violated any of the provisions of the liquor tax law, whereupon the said special deputy commissioner of excise, having no notice of the violation, indorsed his consent to the transfer upon said certificate. The respondent Gretes thereupon filed his application and bond, pursuant to section 27 of the liquor tax law (Laws 1897, p. 228, c. 312), and the certificate was transferred to him.

It is claimed on the part of the respondent Gretes that he had no knowledge of these violations, and that, the certificate having been transferred to him in good faith, with the consent of the special deputy commissioner of excise, for value, and without notice to him of any violation, it cannot be canceled in his hands for violations alleged to have been made by Nicolya.

In the first place, the special deputy commissioner of excise had no information of the violation of the law complained of. All he had learned upon the subject was that contained in the affidavit of Nicolya, and there was no obligation upon him to impart information that he did not possess. Matter of Cullinan, 87 App. Div. 47, 49, 83 N. Y. Supp. 1025. He had no discretion, and only performed the duty imposed upon him by the statute. It is unfortunate for the respondent Gretes that he did not know of these violations before taking this certificate, when he might have taken a new certificate which would have been free from taint. The statute (section 27) provides that no such sale, assignment, or transfer shall be made, except in accordance with the provisions of the liquor tax law, nor permitted by any holder of a certificate who shall have been convicted or be under indictment, or against which or whom a complaint under oath shall have been made and be pending for violating the provisions of the act, or who shall have violated the provisions of the liquor tax law.

In our opinion, it is immaterial what knowledge Gretes had of the violation of the liquor tax law by Nicolya. The certificate was taken subject to the condition of forfeiture. To hold otherwise would enable the holder of a certificate, who had violated the law, to preserve the value of his certificate by finding an innocent purchaser, which would be contrary to the clearly expressed intention of the statute.

The judgment and order appealed from must be affirmed, with costs. All concur.