(68 Misc. Rep. 487.)

### ST. PATRICK'S CHURCH SOCIETY OF CORNING v. HEERMANS.

(Supreme Court, Special Term, Steuben County.   July 15, 1910).

1. WATERS AND WATER COURSES (§ 203*)—CHARGES—CONTRACTS—RIGHTS OF THIRD PERSONS.

   Where a lessee of the waterworks of a village agreed with the village to supply water free of cost to schoolhouses, library buildings, etc., in the village, an owner of a schoolhouse in the village paying under a mistake of fact for water furnished by the lessee may sue to recover the payment, though the owner was not a privy to the consideration of the contract between the lessee and the village.

   [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 203.*]

2. WATERS AND WATER COURSES (§ 203*)—WATER RENTS—LEASES TO PRIVATE INDIVIDUALS—REGULATION OF PRICES.

   A village leasing its waterworks to individuals may protect its inhabitants from excessive charges for water supplied by the individuals and as a part of the consideration for the lease the individuals may agree with the village to supply water free of charge to engine houses, schoolhouses, etc.

   [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 203.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 3*)—PUBLIC AID TO PAROCHIAL SCHOOL—WATERWORKS—LEASES TO PRIVATE INDIVIDUALS.

   A contract binding a lessee of the waterworks of a village to furnish water free of cost to schoolhouses, including parochial schoolhouses in the village, is not void under Const. art. 9, § 4, prohibiting the state or any subdivision thereof to use its property or credit in aid of any school under the control of any religious denomination, since under the lease the individuals own the water and may contract to give it away, even to parochial schoolhouses under the control of a religious denomination.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 3; Dec. Dig. § 3.*]

4. CONTRACTS (§ 147*)—INTENTION OF PARTIES.

   The court must carry into effect the intent of the parties to a contract where that can be ascertained, and it may not read into a contract words which it does not contain.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 730, 743; Dec. Dig. § 147.*]

5. WATERS AND WATER COURSES (§ 203*)—WATERWORKS—OBLIGATION OF LESSEE.

   A lessee of the waterworks of a village contracting to furnish free of cost water for use in all schoolhouses, library buildings, and engine houses in the village, but not for any eleemosynary corporation except as previously mentioned, must furnish water free of cost to a parochial graded school building used for school purposes excepting one floor temporarily used for public worship separate from the rooms of the building used for school purposes where water is to be supplied.

   [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 203.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the St. Patrick's Church Society of Corning against Harry C. Heermans, as sole surviving partner of the firm of Heermans & Lawrence, to recover moneys paid under a mistake of facts. Judgment for plaintiff.

Willard & Rogers, for plaintiff.

Herbert A. Heminway, for defendant.

CLARK, J. On the 22d day of December, 1876, the village of Corning, N. Y., acting through its trustees, entered into a written contract with Harry C. Heermans and Thomas Lawrence, copartners, whereby it agreed to lease the Corning Waterworks, with all appurtenances thereto belonging, owned by the municipality, to Heermans & Lawrence for a period of thirty years from the 1st day of January, 1877, together with the right at all times within the life of said lease to lay water pipes and mains in any of the streets of Corning, to dig up the streets for laying of such pipes, and giving to said copartnership the right to sell or rent water from said waterworks to private individuals and corporations for private business and manufacturing purposes, etc.; and the said contract also gave the said copartnership the right to charge purchasers of water the regular rates as adopted, and included in the rules and regulations of the waterworks, by the trustees of the village of Corning, July 18, 1876, and the said contract further provided as follows:

"Ninth. The parties of the second part (Heermans & Lawrence) agree to furnish water through said works for all fire purposes in said village and for general use in all school houses, library buildings and engine houses in said village," etc. "But it is expressly agreed and understood by and between the parties hereto that the parties of the second part are not to be required to furnish water from said waterworks, without adequate compensation for any state, national or federal building or any public or private charitable association, institution, or building nor any eleemosynary corporation of any kind except as hereinbefore mentioned that may be built or erected in said village within the period of said lease as aforesaid."

The said ninth clause contains other provisions, but they are not pertinent to the matter in controversy here.

At the time the contract was made there existed in the city of Corning St. Mary's Church Society in connection with which there was conducted a school, the teachers being paid at that time out of the public funds. That arrangement was subsequently changed, and the school is now entirely supported by private contributions of the members of St. Mary's Church and congregation, but from the time of the making of the contract in question down through to its expiration, defendants furnished water to St. Mary's school under clause 9 of their contract, without charge. In 1902 St. Patrick's Church Society, this plaintiff, was duly incorporated, and a contract was let for the construction of a brick school building in Corning at an expense of $16,894.00; the building was constructed and in every way is a modern and up to date school building, with suitable plumbing and heated by steam. The building is used exclusively for school purposes, excepting that temporarily one floor of the building is used for public worship of the congregation, but no water is supplied

from the city waterworks to the portion of the building used for church purposes. This school is under the direction of the board of regents, confers diplomas, it is under the visitation of the superintendent of schools of the city of Corning, is attended by pupils of the Catholic faith and also by Protestant children, but is supported by contributions from the members of the church and congregation of St. Patrick's Society. When the schoolhouse was completed connections were made with the city water system so that water could be supplied to those portions of the school building used exclusively for school purposes, and water was thereafter supplied to said rooms by the defendants. Those in charge of plaintiff's schoolhouse had no knowledge of the existence of the contract between the village of Corning and Heermans & Lawrence, above referred to, and, under a mistaken idea of the facts, paid from time to time to Heermans & Lawrence for water furnished said schoolhouse, various bills aggregating in amount the sum of $156.70. In 1905 the pastor of plaintiff's church for the first time discovered the existence of the contract in question, and request was made of Heermans & Lawrence that they supply water to St. Patrick's school without charge, the same as they were supplying and always had supplied it to St. Mary's school, and demanded that defendants pay to plaintiff the amount of money it had erroneously paid them for water before the discovery of said contract, which defendants refused to refund, and never have refunded, and this action is brought for the purpose of recovering the moneys so paid under a mistaken idea of the facts, it being the claim of plaintiff that, under clause 9 of the contract referred to, defendants were bound to furnish to the schoolhouse in question water free of charge, and it being the contention of defendants: First, that plaintiff not being a party to the contract is not in a position to maintain this action; and second, if it were the intent of the parties that plaintiff's school should be furnished with water free of charge the contract would not be enforceable, because it would be unconstitutional and void.

As to defendants' first contention, that inasmuch as plaintiff was not a party to the contract in question it is not in a position to maintain this action, I think the learned counsel for defendants is in error. It is not necessary that there be privity between the promisor (defendants) and the plaintiff claiming the benefit of the contract, and it is not necessary that the plaintiff should be privy to the consideration, provided there was an obligation under the contract on the part of the defendants to furnish water to plaintiff for its schoolhouse, for if there was such obligation it would so connect plaintiff with the transaction as to be a substitute for any privity with the promisor, these defendants. Vrooman v. Turner, 69 N. Y. 284 (opinion), 25 Am. Rep. 195; Lawrence v. Fox, 20 N. Y. 268.

The real point in this case seems to be whether under this contract there was any obligation resting on Heermans & Lawrence to supply water to the schools in Corning free of charge. If there was not, and that part of the contract was a nullity, of course plaintiff could not maintain this action. If, however, that clause in the contract

means what it says, and if plaintiff's schoolhouse is a schoolhouse in the ordinary acceptation of that term, then it seems to me that plaintiff has a right to maintain this action, for if its establishment was a schoolhouse, and it was the intention of the parties to the contract that Heermans & Lawrence were to furnish water to all schoolhouses in Corning, as the contract plainly states, and if plaintiff paid for water which Heermans & Lawrence furnished under a mistaken idea of the facts, then I can see no reason why plaintiff is not in a position to maintain this action, even though it was not a party or privy to the contract in question. Pond v. New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958; Lawrence v. Fox, supra; Coster v. Mayor, 43 N. Y. 399; Secor v. Lord, *42 N. Y. 525.

In this case the village of Corning leased to Heermans & Lawrence, a copartnership, the water system in Corning for a long term of years, the copartnership having a right to sell its water to the inhabitants of the village at prices stated in the contract, and also the right to extend its mains, and as a part of the contract it agreed to furnish water free to all schoolhouses, engine houses, etc., then existing in Corning or which might be erected during the life of the contract. There can be no question but that the authorities of the village had a right to protect its inhabitants who were then, or who might thereafter become, consumers of water from any excessive charges thereafter by the copartnership, and as a part of the consideration for the lease Heermans & Lawrence had a perfect right to agree with the village authorities to supply water free to engine houses, school houses, etc. They having made that agreement, they should be held to it, and should be compelled to supply water according to the terms of the contract to plaintiff's schoolhouse, provided it is a schoolhouse as that expression is generally understood, and plaintiff having paid for water under a mistaken idea of the facts, it is in a position to maintain this action, provided, of course, it was the intention of the parties that water should be furnished free by defendants to schoolhouses of this character, and also provided that that clause of the contract is not void under the Constitution. Defendants insist that it is void as being in violation of section 4, of article 9 of the New York Constitution, which says:

"Neither the state or any subdivision thereof shall use its property or credit or any public money or authorize or permit either to be used, directly or indirectly, in aid or maintenance, other than for examination or inspection, of any school or institution of learning wholly or in part under the control or direction of any religious denomination, or in which any denominational tenet or doctrine is taught."

If the plaintiff was seeking to compel the municipality to furnish water free to its school under a contract with the village whereby the municipality agreed to furnish water to the schoolhouse without compensation, defendants' contention would perhaps be correct, but I cannot see that the Constitution is in the way of private individuals furnishing water to parochial schools without charge if they desire to do so. Under the terms of the contract in question Heermans & Lawrence, a private copartnership, owned this water, and had a right to sell it. They were restricted as to prices they should charge, and

in order to get the lease for a long term of years, they undertook and agreed, among other things, to furnish water free of charge to all schoolhouses, engine houses and libraries in the city of Corning, then in existence, or which might be erected during the life of the contract.  Public property and public moneys under the terms of this contract were not to be used in aid or maintenance of any school under the direction of a religious denomination, but it was private property, the property of Heermans & Lawrence which they agreed to furnish to the school houses free of charge, and it being their private property, their agreeing to furnish it to schoolhouses gratuitously, even though some of these schoolhouses were under the control of a religious denomination, was not in contravention of the terms of the state Constitution, and the case of O'Connor v. Hendrick, 184 N. Y. 421, 77 N. E. 612, relied upon by defendants, is not at all in point here, for there a teacher in the public school, wearing the garb of a religious order, sought to collect her salary out of the public funds. Here the plaintiff seeks to recover money paid to private individuals under a mistaken idea of the facts, for water which they, not the municipality, agreed to furnish to the schoolhouses free of charge.  So I think that, as between the plaintiff and these defendants, concerning a purely private matter, not involving public funds or property, the arrangement was not in violation of the Constitution, and that plaintiff is in a position to maintain this action, provided this schoolhouse was such within the fair meaning of the terms of the contract.

The language of the contract is perfectly plain.  It says, "Water shall be furnished free to all *schoolhouses, libraries, engine houses* in in said village," and further on it says that Heermans & Lawrence were not obliged to furnish water without compensation "for any state, national or federal building or any public or private charitable association, institution or building, nor any eleemosynary corporation of any kind, *except as hereinbefore mentioned*," etc.

Defendants insist that the ninth clause of the contract refers to public schools only, but if that was so, with a carefully drawn contract, and drawn by the defendant Heermans himself, if it was the intention of the parties that the schoolhouses named were to be merely public schoolhouses, why is the word "public" absent?  Why did not the defendants specifically provide for free water in public schools only?  This court must carry into effect the intent of the parties, if it can be ascertained, and it is not proper to read into the contract words which it does not contain.  But the action of the parties under the contract assists largely in this matter, for it is undisputed here that up to the time the contract expired, defendants furnished water free of charge to St. Mary's parochial school, and also to the McGee Engine House or Hose Company Building, which was also a private institution.

Plaintiff's schoolhouse was erected for school purposes, and, from the time of its construction down to the present time, it has been used for school purposes exclusively, excepting that one floor of the building is temporarily used for public worship, but that is entirely separate and distinct from the rooms used for school purposes, and it is

not pretended that any water from the city waterworks is conveyed to any part of the room used for public worship.

The controversy here is solely as to water furnished to rooms used in the building for school purposes. This is a graded school, consisting of eight grades; graduation exercises are held and diplomas are conferred, and the school is recognized by the state board of regents, and regents' examinations are held in it. It must have been the intention that water should be supplied to certain eleemosynary institutions free, or that expression would not have been used in the contract. An eleemosynary institution is one that is supported by voluntary donations, and this school is supported by such donations; and in the contract it says, in substance, that defendants were not obliged to furnish water free to any eleemosynary corporation of any kind, *except as hereinbefore mentioned*, and in clause 9 it stated that they were to furnish water for general use in *all schoolhouses, etc.*

"A schoolhouse is a house appropriated for the use of school or for instruction, but usually applied to buildings for subordinate schools and not to colleges." Webster's Dictionary.

Plaintiff's building was erected for a schoolhouse, and was used for such exclusively, excepting that one floor was used temporarily for public worship, as hereinbefore stated, and that apartment is entirely separate and distinct from the rooms of the school building used exclusively for school purposes, where the water was supplied by defendants. I think plaintiff's building was plainly a schoolhouse. It was a graded school, confined to no particular sect, and furnished instruction in the lower branches to all who applied, no matter what church they were affiliated with, or whether or not they were connected with any church. This was a schoolhouse, not only in the ordinary meaning of that word, but also according to the decisions of the courts of this state. People ex rel. Cairns v. Murray, 148 N. Y. 171, 42 N. E. 584. "A schoolhouse in its broadest sense may be said to include any institution devoted to instruction of any kind, and in the same broad sense a schoolhouse may be defined as a place or building used for any such purpose." Matter of Townsend, 195 N. Y. 214 (opinion page 221), 88 N. E. 41, 22 L. R. A. (N. S.) 194. See cases cited. Matter of Lyman, 48 App. Div. 275, 62 N. Y. Supp. 846. It is unnecessary to cite additional cases showing that a school building of the character of plaintiff's is a schoolhouse, not only under the decisions of this state, but also as that term is usually understood. These moneys were paid by plaintiff under a mistake of fact. At the time of payment plaintiff knew nothing of the contract referred to, and the parties were mutually mistaken, the plaintiff having no knowledge of the contract, and the defendants being mistaken in their position that it referred only to public schools, so plaintiff having paid the money under a mistake of fact is entitled to maintain this action. Burr v. Veeder, 3 Wend. 412.

Under all the facts as disclosed in this case, it is my opinion that plaintiff's building is a schoolhouse, and that, in using the expression "schoolhouses" in the contract, the parties intended it to refer, not only to the ordinary public schools, but also schools of the character

of the one in question, where instruction in ordinary branches is given to pupils who attend them; that the money was paid by plaintiff under a mistake of fact, and before the commencement of this action demand was made of defendants for its return, which was refused; that plaintiff can maintain this action, and that the provisions of the contract with reference to furnishing water to all schoolhouses, being an undertaking by private individuals to dispose of their own property, is not unconstitutional, for it does not affect public property or moneys.

This controversy does not involve the question as to any claims of a parochial school to share in public moneys. No claim is made by plaintiff that it could use any public moneys or property, or be supported out of the public funds. It merely involves the enforcement of an undertaking made by private individuals to furnish water to all schoolhouses in the city of Corning, and I think the plain intent of the contract was to supply water free to schools of this character, as well as to public schools, and that belief is strengthened by the action of defendants in supplying water for a long term of years, and until the end of the contract, to a similar school—St. Mary's—without ever demanding or receiving any compensation therefor.

Upon all the evidence in this case I am satisfied that plaintiff is right in its contention, and judgment is directed in favor of plaintiff against defendant for the sum of $156.70, with interest from February 1, 1905, besides the costs of this action, but, inasmuch as the contract referred to has expired, relief by permanent injunction is denied.

Findings may be submitted, and judgment entered accordingly.