(164 App. Div. 802)

### In re FARLEY, State Excise Com'r.   (No. 6510.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

INTOXICATING LIQUORS (§ 108*)—LICENSES—CANCELLATION—STATUTE.

Liquor Tax Law (Consol. Laws, c. 34) § 8, subd. 1, imposes an excise tax on trafficking in liquor to be drunk on the premises where sold; section 36, subds. 3, 8, provide for forfeiture of a liquor tax certificate by two convictions of employés for selling liquor during prohibited hours; section 30, subd. 2, as to such premises, prescribes certain regulations as to access, rooms, accommodations, and order; section 27 provides a civil proceeding to cancel the certificate for violation of law, and that a criminal prosecution and conviction shall not be a condition precedent thereto; and section 15 provides that, on cancellation, disqualification shall attach to the premises and no certificate shall issue therefor within one year from the entry of the final order of cancellation. *Held*, that the right to have the certificate canceled for permitting the premises to become disorderly depends upon the facts existing when the proceeding is begun, that a previous forfeiture of the certificate by convictions of employés did not oust jurisdiction of the proceeding to cancel it, and that, where the evidence of violation was clear, an order canceling it would be entered.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

Appeal from Special Term, New York County.

Petition by William W. Farley, as State Commissioner of Excise, for an order revoking and canceling Liquor Tax Certificate No. 1807, issued to Charles Cardow. From an order denying his application, petitioner appeals. Reversed, and order to be entered for petitioner.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

C. R. O'Connor, of Hobart (Louis M. King, of Schenectady, on the brief), for appellant.

P. A. McManus, of New York City, for respondent.

LAUGHLIN, J. On the 13th day of September, 1913, the liquor tax certificate in question was duly issued to the respondent Cardow, authorizing him to traffic in liquor under the provisions of subdivision 1 of section 8 of the Liquor Tax Law, at No. 105 West Sixteenth

---

street, borough of Manhattan, New York, for the excise year ending September 30, 1914. On .the 18th day of May, 1914, the petitioner obtained an order requiring Cardow to show cause why the certificate should not be revoked, on the ground that he had permitted the premises to become disorderly in violation of subdivision 2 of section 30 of the Liquor Tax Law. The petition charged, among other things, that the holder of the certificate wrongfully and unlawfully suffered and permitted the premises to become and remain disorderly on the 3d, 9th, 17th, and 25th days of April, 1914. On the hearing at Special Term these charges were fairly established, and the testimony of the agents of the excise department, showing that the premises were disorderly on the dates specified, was not materially controverted. The proceeding was dismissed on the 10th day of August, 1914, on the ground that the certificate had already been forfeited under the provisions of subdivisions 3 and 8 of section 36 of the Liquor Tax Law, by two convictions of employés of the respondent of violations of the Liquor Tax Law for selling liquor on the licensed premises during prohibited hours. One of these convictions was on the 20th day of March, 1914, and the other on the 12th day of June, 1914.

By virtue of the provisions of subdivision 3 of section 36. of the Liquor Tax Law, the certificate was forfeited upon the second criminal conviction, which was had before the termination of this proceeding. We are of opinion that the learned justice before whom the case was heard at Special Term erred in deciding that the forfeiture of the liquor tax certificate ousted the court of jurisdiction in this civil proceeding for the cancellation of the liquor tax certificate. The provision of the Liquor Tax Law with respect to a civil proceeding for the cancellation of the certificate and with respect to criminal prosecutions, and the effect thereof on the liquor tax certificate, are independent of one another. The civil proceeding for the cancellation of the certificate is authorized by section 27 of the Liquor Tax Law, and it is therein expressly provided that a criminal prosecution and conviction shall not be a condition precedent to the granting of an order revoking and canceling the certificate for any violation of the Liquor Tax Law. The right of the petitioner to have the liquor tax certificate canceled depends upon the facts existing at the time the proceeding is instituted. Van Vleck v. Coonan, 2 L. T. L. Reports, 330; Matter of Lyman, 28 Misc. Rep. 408, 59 N. Y. Supp. 968 affirmed sub nom. Matter of Lyman, 48 App. Div. 275, 62 N. Y. Supp. 846; Matter of Schuyler, 32 Misc. Rep. 222, 66 N. Y. Supp. 251; In re Howard, 66 N. Y. Supp. 1133. In Matter of Lyman, supra, this court held that an order revoking and canceling a liquor tax certificate relates back and takes effect as of the date when the petition was filed, and that the certificate could be canceled notwithstanding the fact that the period for which it had been issued had expired prior to the decision on the application.

It will be observed that the forfeiture of the liquor tax certificate by the criminal convictions was on account of violations other than those charged in the petition, and that the state commissioner of excise was not a party to the criminal prosecutions and could have no voice therein. Although the only relief demanded and that can be decreed by

the court in such a proceeding is for the revocation and cancellation of the liquor tax certificate, together with costs,. that is not the only effect of the order. The Legislature has declared that, where a liquor tax certificate is canceled by the court as the result of such a proceeding as this, upon the ground, among others, that the premises have been suffered or permitted to become disorderly, *a disqualification shall attach to the premises,* and that no liquor tax certificate for trafficking in liquor thereon shall thereafter be issued for the period of one year from the date of the entry of the final order canceling the certificate. Section 15, Liquor Tax Law; Matter of Cullinan, 104 App. Div. 205, 93 N. Y. Supp. 492, affirmed 185 N. Y. 546,.77 N. E. 1184. It was the duty of. the court, therefore, to dispose of the application on the merits. In the view taken of the case by the learned justice at Special Term, he did not deem it necessary to determine the facts with respect to the alleged violation; but, as already observed, the evidence of the violation is clear, and the petitioner was therefore entitled to an order revoking and canceling the liquor tax certificate (section 27, Liquor Tax Law), and consequently it is unnecessary to send the case back for further hearing, or for a decision on the merits.

It follows that the order should be reversed, with $10 costs and disbursements, and an order should be entered granting the prayer of the petition, revoking and canceling the liquor tax certificate as of the date the proceeding was instituted, with $50 costs to the petitioner. All concur.

---

(164 App. Div. 600)

### In re WALLACH. (No. 6480.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 91*)—ATTORNEY FOR EXECUTOR—DESIGNATION BY WILL—BINDING EFFECT.

   A direction in a will that testator's son shall act as sole attorney for the executors does not obligate the executors to employ or recognize the son as their attorney, or as attorney for the estate.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 397, 398, 400–402; Dec. Dig. § 91.*]

2. EXECUTORS AND ADMINISTRATORS (§ 91*)—MANAGEMENT OF ESTATE—CONSTRUCTION OF WILL—DESIGNATION OF ATTORNEY—GIFT.

   A provision of a will that testator's son should be paid $2,000 per annum for his services as attorney for the executors did not entitle the son to such amount as an absolute gift, where the executors refused to employ him as their attorney.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 397, 398, 400–402; Dec. Dig. § 91.*]

3. EXECUTORS AND ADMINISTRATORS (§ 494*)—COMPENSATION OF EXECUTOR—PERFORMANCE OF SERVICES AS ATTORNEY.

   An executor is not entitled to compensation for legal services performed for the estate under an employment by himself as attorney for the estate.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2084–2087; Dec. Dig. § 494.*]

   Ingraham, P. J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes