(128 App. Div. 859.)

CLEMENT, State Excise Com'r, v. SMITH et al.

(Supreme Court, Appellate Division, Second Department.   November 27, 1908.)

INTOXICATING LIQUORS (§ 86*)—BOND—BREACH.

A liquor bond conditioned that the licensee would not permit gambling on the premises, or the same to become disorderly, and would not violate any provision of the liquor tax law, is confined in its operation to violations of the law occurring upon the premises, and is not breached by illegal sales of liquor by licensee in other places.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 86.*]

Hooker, J., dissenting.

Appeal from Trial Term, Westchester County.

Action on a retail liquor dealer's bond by Maynard N. Clement, as State Commissioner of Excise, against David H. Smith, principal, and the Federal Union Surety Company, surety. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Albert O. Briggs, for appellant.

Thomas F. Curran (William F. Bleakley, on the brief), for respondent Smith.

Charles S. Mackenzie (Walter F. Wood, on the brief), for respondent Federal Union Surety Co.

WOODWARD, J.   It is conceded that there is no case directly in point in support of the plaintiff's contention on this appeal, and this is due in all probability to the fact that no one else ever conceived the idea that a surety bond given for a particular purpose was to be construed to cover the general conduct of the principal. In the case now before us the action is brought against David H. Smith, principal, and the Federal Surety Company, under a bond issued by the latter under the provisions of the liquor tax law. The bond was in the usual form, and provided that:

"The above bounden principal is about to apply for a liquor tax certificate in the sum of four hundred and fifty dollars ($450) authorizing said principal to traffic in liquors at Cor. James and John streets in the city of Yonkers, county of Westchester, state of New York, under subdivision 2 of section 11 of the liquor tax law of the state of New York.   Now, therefore, the conditions of this obligation are such, that if the said liquor tax certificate applied for is given unto the said principal, and the said principal will not, while the business for which such liquor tax certificate is given shall be carried on, suffer or permit any gambling to be done in the place designated by the liquor tax certificate in which the traffic in liquors is to be carried on, or in any yard, booth, garden or any other place appertaining thereto or connected therewith, or suffer or permit such premises to become disorderly, and will not violate any of the provisions of the liquor tax law, * * * then the above obligation to be void; otherwise to remain in full force and virtue."

On the trial the plaintiff introduced evidence tending to prove that the defendant Smith, through his agents, had sold liquors without securing a liquor tax certificate therefor in various places in Westchester and Rockland counties, and this was not contested by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendants. At the close of the evidence, on motion of defendants, the court directed a verdict in their favor on the ground that there was no liability under the bond. There can be no reasonable question as to the correctness of this action on the part of the court. Any other ruling would tend to defeat the very purposes of the liquor tax law as a revenue measure by making it practically impossible for any man to get sureties. The bond clearly related and was confined in its operations to the premises for which the liquor tax certificate was to be issued. This was the fair contract of the surety company. It undertook to guarantee that as to the premises which were to be licensed for the traffic there should be no gambling and no disorderly conduct, and generally that there should be no violations of the conditions of the license. To construe the contract as extending to the conduct of the principal in any and every part of the state where he might be represented by agents in dealing in liquors either with or without a certificate would be to enlarge the contract beyond any reason, for there is nothing in the instrument to indicate that the surety had in contemplation anything more than the conduct of the defendant Smith oɪ the premises for which the license was issued. If Mr. Smith has illegally sold liquors in other places, the law provides for dealing with him. He may even be called upon to forfeit the license issued under this bond, but, as to the things guaranteed by the bond, they have no relation to the defendant Smith outside of the premises at the corner of James and John streets in the city of Yonkers. If the Legislature had intended to have a general surety bond for the good conduct of persons to whom liquor tax certificates were issued, it would have provided for this in the statute itself, and not have left it to depend upon the wording of the bond. The whole legitimate purpose of the bond is served, and the clear intent of the surety company in its contract with the state is carried out by confining its operation to violations of the law occurring upon the premises intended to be under the protection of the liquor tax certificate, and this truth is so obvious that it would not seem to be necessary to cite authorities under the well-known rules in reference to those acting as sureties.

The judgment appealed from should be affirmed, with costs. All concur, except HOOKER, J., who dissents.