Jacob Markowitz, J.
This is a petition in the nature of a writ of prohibition seeking to restrain the State Athletic Commission from proceeding with its hearing of charges against petitioner on the ground that the hearings are in excess of the commission’s jurisdiction in that petitioner voluntarily offered to surrender his licenses from the commission subsequent to their suspension and that since the institution of charges the licenses have expired. A cross motion to dismiss the petition on the ground that it does not state facts sufficient to support the relief requested has also been made.
Petitioner was licensed both as a boxing second and manager by the commission. His licenses were suspended as a result of bribery charges brought against him for violation of the Rules of the State Athletic Commission. Prior to the hearing to determine the said charges, petitioner voluntarily attempted to surrender his licenses. This was refused by the commission. Subsequently, as a result of several adjournments requested by the District Attorney of this county, the licenses expired by lapse of time. Petitioner consequently avers that in view of the foregoing the commission has lost its jurisdiction to act in this matter.
Were revocation of the licenses merely at stake in this proceeding, there would be some merit to petitioner’s contention *399 since in such a case the conduct of a hearing to revoke an expired license would be vain and futile. However, the Legislature has invested the commission with disciplinary powers beyond that of mere revocation of licenses. It may, by subpoena, compel attendance of witnesses before it “in all matters pertaining to the administration” of its affairs (L. 1920, ch. 912, § 10, as amd.). Upon a finding that its rules, orders or applicable statutes have been violated by one of its licensees, it may impose financial penalties and cause civil actions to be instituted for their recovery (L. 1930, ch. 611, § 17-a, as amd.). To hold that a licensee may divest an administrative body of such punitive powers merely by giving up his license or by taking advantage of a lapse of time would be contrary to legislative intent and good administrative practice.
Accordingly, the petition to restrain the commission from proceeding with its hearing is denied and the cross motion to dismiss the petition is granted.