Aron Steuer, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the State Athletic Commission which revoked petitioner’s licenses as a prize fight manager and second. Respondent’s action followed a hearing on five charges, four of which were sustained and the remaining one was dismissed. As there is no statutory right to a hearing in such matters, the review by Special Term in this connection is limited to whether there was any evidence to sustain the findings (Matter of London Sporting Club v. Helfand, 3 Misc 2d 431, affd. 6 A D 2d 775). Moreover, it was specifically agreed between the parties that Special Term, rather than the Appellate Division, was the proper forum for review. Thus, any question as to the extent of the inquiry into the facts by the court is eliminated.
Respondents specified five charges, four of which it sustained. The charge that it dismissed is however from the way in which the charge was disposed of a subject of complaint by petitioner. • As he is justified in so feeling and one of the very few instances in which this is true a word can be spared to demonstrate that this is so even though it has no effect on the proceedings.
In this charge petitioner was charged with consorting with one Antonucci, alias Black, a convicted gambler, The commis *475 sion found though it was reasonable to assume that petitioner knew of Antonucci’s background and associates there was no proof of it. Actually Antonucci was a licensee of the commission. Assuming that the commission had the right to say with whom the petitioner could consort, or rather, could not consort, they could not extend the ban to one of their own licensees. What is good enough for the commission acting in the public interest must of necessity be good enough for any licensee. Among such licensees there can be no caste of untouchables.
On one other charge, failure to file a manager’s report within five days of the fight, the commission found that filing the report within that time was impracticable. It found against the petitioner on the theory that the report was not filed within a reasonable time. But that was not the charge the petitioner was required to meet.
As to the three other charges there was evidence in support of them. It would serve no useful purpose to outline the testimony in support of each. The claims and the reasoning on the first charge is typical. The commission charged that in an investigation into the promotion of the Patterson-Johansson fight conducted by it, petitioner deliberately failed to attend at the investigation and defied the mandate of the commission to do so. Petitioner fails in his argument to make appropriate distinction between the investigation and the hearing on the charges. In the latter he had a right to be present and reasonable provision to allow him the opportunity of attending must be accorded him. In the investigation he had no rights whatsoever, only a duty. Both the facts proved and petitioner’s attempted explanations were quite sufficient to show that petitioner was aware that process had been served upon him and purposely avoided the jurisdiction. In the face of this to accede to a request from petitioner that the investigation be adjourned for petitioner’s convenience would have been to abandon any claim to the respect due the tribunal
Petitioner makes the further objection that the commission had no right to revoke his licenses, because at the time of the hearing he had no licenses. It is true that petitioner’s licenses had expired before the hearings began. Respondent’s answer to this contention is that its disciplinary powers are not restricted to revocation of the licenses. This would justify holding the hearing, even though the licenses had expired. (Matter of Wallman v. New York State Athletic Comm., 20 Misc 2d 398.)
The net result is that the commission had jurisdiction to hold the hearing. It could rightfully inquire into petitioner’s conduct *476 to determine whether it warranted imposition of the penalties within its power to inflict. It is true that its act of revoking the licenses under the circumstances is a nullity. Despite the confusion of petitioner’s argument the revocation did him no harm. He complains that without a license he is debarred from seeking a livelihood in his chosen field. But the exclusion is just as complete when the loss of the license is due to revocation as when it is due to expiration. Having allowed it to lapse he fails to show any prejudice resulting from the action taken. It might occur that prejudice results from certain intangibles such as the difficulty of obtaining a reissue or loss of face among coworkers in the field. As to these there is hardly room for complaint. The commission could have barred him from the field for life (Eboli v. Christenberry, 114 N. Y. S. 2d 311). And any impairment of his reputation or standing would be due to the findings not the sentence. And the findings the commission, as seen, was authorized to make.
Lastly, petitioner complains of prejudicial conduct by the commissioners. As noted, the commission had previously conducted an investigation into several phases of the PattersonJohansson fight. It is claimed that as a result of these proceedings the commission was biased. Undoubtedly the commission formed some opinion as the result of this investigation, otherwise it would not have preferred the charges. The vice complained of is inherent in all administrative proceedings where the accusing and the deciding bodies are the same.
Acts in the conduct of the proceedings are assigned as part of this pattern of prejudice. One is the failure to supply a bill of particulars. An administrative tribunal may make its own procedural rules, provided the essential elements of a fair trial are provided. (Matter of Hecht v. Monaghan, 307 N .Y. 461.) Here the charges were sufficiently specific (except in the instance cited above) as to make a bill superfluous. In addition, the commission refused to issue three subpoenas which petitioner requested. The subpoenas were for sports writers on metropolitan newspapers. The purpose of bringing in these proposed witnesses was to show that they exerted pressure on the commission through their writings to instigate the investigation and to press the charges. Assuming that that is what their testimony would show, it would be entirely irrelevant. What induced the commission to act is not significant, what imports is how they acted. Among the writers petitioner sought to have testify was “ Bed ” Smith. Mr. Smith devotes an appreciable portion of his impeccable English to portraying the unpredictable conduct, the lack of consistency, and bizarre language of the fistic fraternity. The *477 record in this proceeding attests that his reporting is not exaggerated, and should provide him with an inexhaustible library of reference.
The petition is denied.