In the Matter of JOHN DE JOHN et al., Appellants, *v.* NEW YORK STATE ATHLETIC COMMISSION, Respondent.

First Department, February 16, 1961.

*Charles R. Rinaldo* for appellants.

*Irving L. Rollins* of counsel (*Paxton Blair* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

MEMORANDUM BY THE COURT. Order, entered on June 2, 1960, dismissing petitioners-appellants' petition under article 78 of the Civil Practice Act to review the determination of respondent, dated January 29, 1960, declaring null and void its approval of the managerial contract dated August 20, 1957, disapproving it, and prohibiting and barring for life the petitioners from participation in professional boxing within the State of New York, modified, on the law and on the facts, and the petition granted to the extent of deleting from said determination the final decretal paragraph thereof on the ground that the petitioners were not licensees or applicants for a license or the renewal thereof at the time the respondent commission instituted this proceeding within the meaning of chapter 912 of the Laws of 1920, as amended (State Athletic Commission Law, §§ 16, 17), and, therefore, the sanctions provided are under the circumstances a nullity (*Matter of D'Amato* v. *Krulewitch*, 23 Misc 2d 473, 476), and, as so modified, affirmed, without costs.

EAGER, J. (concurring). I concur in the memo of this court modifying the order herein to the extent of deleting from the determination of the respondent commission the final decretal paragraph thereof. In addition to the reasons stated therein, in my opinion the commission, in connection with its investigation into a contract between a boxer and his managers and into the matter of their conduct, does not have the power to decree that they or one or more of them shall be prohibited for life from participation, directly or indirectly, in professional boxing in the State of New York. Such power is not expressly conferred upon the commission by statute and, therefore, would not exist. Furthermore, any attempt to vest the commission with such power would in my opinion constitute an unlawful restraint and infringement upon the powers of the Legislature and of the commission in the future to fix or pass upon the qualifications of a person to apply for and receive a license in this State as a professional boxer, or as a manager, trainer or second of a boxer. Finally, a determination of the commission in effect adjudicating that a person is barred for life from acquiring such a license is in violation of due process in that it prejudges his qualifications and right to hold a license as of a future date without an opportunity to be heard in view of the facts and the law as it may then exist.

VALENTE, J. (dissenting). We would hold that the State Athletic Commission was not impotent to impose sanctions on petitioners in the face of the finding, confirmed as well by the majority of the court, that petitioners' activities "are detrimental to the interests of boxing generally, and * * * detrimental to the public interest, convenience, and necessity". The commission is vested with the widest powers of supervision and control of the sport of boxing and those who participate in it (State Athletic Commission Law [L. 1920, ch. 912, as amd.], § 1 et seq.). Under section 1 the commission is authorized to make rules for the administration of the act; and rule A (subd. 11), promulgated in accordance with that power, provides that any licensee may have his license revoked or suspended, or may be fined "or otherwise disciplined."

The majority holds that since petitioners were not licensees or applicants for a license or a renewal thereof at the time the commission instituted its proceeding, the sanctions provided for by the commission's determination are a nullity. But the investigation clearly involved the activities of petitioners while licensees. Hence, the commission did not lose jurisdiction over

petitioners because their licenses had expired on September 30, 1958 and they failed to renew. In *Matter of D'Amato* v. *Krulewitch* (23 Misc 2d 473, 475), cited by the majority, it was held that the commission was not barred from conducting a disciplinary hearing because the licenses of the persons charged with infractions had expired (see, also, *Matter of Wallman* v. *New York State Athletic Comm.*, 20 Misc 2d 398).

Since power to discipline petitioners existed, there remains the question whether barring petitioners for life from participating in professional boxing in New York was such an abuse of discretion as to warrant our changing the penalty pursuant to the power granted by subdivision 5-a of section 1296 of the Civil Practice Act (see *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37, 41–42). In *Eboli* v. *Christenberry* (114 N. Y. S. 2d 311, cited with approval in *Matter of D'Amato* v. *Krulewitch*, *supra*), it was held that the commission could bar a person for life from all participation in professional boxing in New York. In fact, the commission has engaged in the practice of meting out such disciplinary punishment for more than 30 years. That administrative construction of the commission's powers must be given great weight by the courts (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108; *New York Public Lib.* v. *City of New York*, 275 App. Div. 307, 310–311, affd. 300 N. Y. 726).

The barring of the petitioners for life was amply justified by the nature of the offenses of which petitioners were found guilty, and accordingly the penalty was not so excessive as to be arbitrary or unreasonable. It may be true as petitioners contend that the prohibition against participation in professional boxing in this State may collaterally affect petitioners' opportunities in professional boxing in other States. But that collateral consequence would result equally from the findings of the commission, which are being confirmed, as from the penalty imposed.

There is no legal impediment to a modification of the commission's debarment of petitioners if at some future time petitioners see fit to apply for such relief upon an application for a license. Administrative agencies have the power to modify orders to accommodate to changes in circumstances (see 2 Davis — Administrative Law, § 18.09, pp. 605–611). Only, if and when, such an application is made, and denied, will the court then properly be in a position to determine whether the continued barring of petitioners from participation in the boxing profession constitutes an arbitrary or unreasonable exercise of power. Until such time, the debarment is a necessary corollary to the

findings of guilt by the commission. We would, therefore, affirm the dismissal of the petition.

McNally and Stevens, JJ., concur in Memorandum by the court, in which Eager, J., concurs in opinion; Valente, J. P., dissents and votes to affirm in opinion, in which Bergan, J., concurs.

Order entered on June 2, 1960, dismissing petitioners-appellants' petition, modified, on the law and on the facts, and petition granted, etc. Settle order on notice.