THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STANDARD ACCIDENT INSURANCE COMPANY et al., Appellants.

First Department, July 10, 1962.

*N. A. Markowitz* of counsel (*George F. Blake,* attorney), for Standard Accident Insurance Company, appellant.

*David Gale* for Elaine & Heyward Bar and Restaurant, Inc., appellant.

*Philip Watson* of counsel (*Louis J. Lefkowitz, Attorney-General*), for respondent.

STEUER, J. Defendants are principal and surety on a bond given to the State of New York pursuant to chapter 478 of the Laws of 1934. The said bond, in the penal sum of $1,000, was conditioned upon the principal not suffering any violation under a permit issued to it for a liquor license. Special Term granted summary judgment against both defendants.

We are in accord that as regards the principal summary judgment should have been denied and that defendant's motion for summary judgment on the ground that the action is barred by limitation of time should have been granted. The bond contained a provision that any action for the penal sum shall be commenced within 16 months after the expiration of the license period. It is conceded that this action was begun considerably more than 16 months after the expiration of the license. This defendant properly raised the issue in its answer. The People seek to avoid the effect of the defense on the basis of the following facts: The license expired February 28, 1959. On October 26, 1959, the license was cancelled as a result of a determination that an offense had been committed in January, 1958. This action was begun on October 5, 1960. It is plaintiff's contention that the period of limitations begins to run not from the date of expiration of the license but from the date of adjudication that an offense was committed.

This argument rests on the contention that a proceeding to cancel a license is not barred by the fact that the license has already expired. There is no authority to support this contention. It is true that the expiration of the license period will not bar a proceeding begun during that license period (*Matter of Farley* [*Spier Certificate*], 161 App. Div. 205; *Matter of D'Amato* v. *Krulewitch,* 23 Misc 2d 473). Whether such a proceeding may be entertained if initiated after the license has by

its terms expired need not be determined in this case, and consequently we do not reach it. This is because the plain language of the bond fixes the starting point for the limitation of the bond as the date of expiration of the license. To hold otherwise would be to fix a period of limitations utterly at variance with the bond — namely, 16 months after whatever date the authority decided to adjudicate a complaint on an alleged offense. Such an extension, practically without limit, would make the provision for limitation virtually nugatory. The contention that the license period extended to the date of adjudication is untenable.

As regards the surety, the situation is different. This defendant advisedly refused to plead limitations and does not now seek immunity from this source. It does advance several reasons why it claims the judgment to be improper, none of which reasons do we find to be valid. While not argued by the parties, we are confronted with the proposition that a surety cannot be held responsible when its principal is exonerated. This is ordinarily true but does not apply where the grounds upon which the principal is released are personal to it and do not affect its inchoate liability on the bond (see *Putnam* v. *Schuyler,* 4 Hun 166; *McLaughlin* v. *McGovern,* 34 Barb. 208; Simpson, Suretyship, p. 273 *et seq.*; Restatement, Security, § 125 [1941]). While the defense here is not, strictly speaking, personal, the situation is very closely analogous and the same rule would apply. Moreover, this defendant has also failed to raise the question whether the action to cancel the license was maintainable after expiration. So in this connection also the question is not before us.

The ground advanced is that the offense for which the penalty was imposed did not take place on the bonded premises. Here the license was granted to the principal, a corporation, and its address is stated to be 1015 Nostrand Avenue, Brooklyn. The offense was that Louis Cohen, an officer of the licensee, obtained another license for premises on Tompkins Avenue, which license he did not intend to use personally but intended to give to someone else to act under. Defendant does not dispute that this was an offense and that the license issued to the corporate defendant was properly revokable on account of it. Its sole contention is that this was not an offense committed at Nostrand Avenue and that its liability is solely for acts committed at this address. The bond itself says nothing about any address except that it gives Nostrand Avenue as the address of the corporation. It refers to any act of the principal without limitation as to the place committed. In that respect the bond differs from that involved in a case relied on (*Clement* v. *Smith,* 128 App. Div.

859, affd. 197 N. Y. 531) which bond referred to violations on the licensed premises. Nor can this appellant derive any consolation from the general tenor of the bond. The bond states that it is given in accord with the Alcoholic Beverage Control Law and it would therefore be expected that the close regulatory provisions as to the persons to whom licenses would be issued and the careful regard to questions of ownership and operation would be subjects of its coverage.

The order of June 27, 1961, granting summary judgment against defendant Standard Accident Insurance Co. should be affirmed with costs, and the order of June 29, 1961, granting summary judgment against defendant Elaine & Heyward Bar and Restaurant, Inc. should be reversed on the law and the facts, and the cross motion of said defendant granted, with costs.

VALENTE, J. (dissenting in part). I agree with the holding of the court that Elaine & Heyward Bar and Restaurant, Inc. — the principal on the bond — is entitled to summary judgment dismissing the complaint. But I cannot join in the anomalous conclusion that the surety on the bond may be held liable although the principal is discharged.

Clearly there was no compliance with the condition in the bond requiring that any action for the penal sum of the bond be commenced within 16 months after the expiration of the license period. The license expired February 28, 1959 and the action was commenced on October 5, 1960. The court exonerates the principal because of the failure to bring suit within the 16 months' period, yet holds the surety liable because it did not plead the limitations as a defense and because the court regards the situation as an exception to the general rule that a surety may not be held responsible when the principal is exonerated.

In *Matter of Cheesman* (236 N. Y. 47, 51) it was said: " It is the general rule that a surety is not liable if the original debt is barred by the Statute of Limitations ".

On the question of whether the running of limitations in favor of the principal releases the surety, there is a conflict of authority in other jurisdictions. (50 Am. Jur., Suretyship, § 80, p. 961; Anno. 122 A. L. R. 204.)

Nevertheless, though the running of the limitations may not automatically discharge the surety, the fact that both surety and principal were sued in the same action makes the result reached by the majority run counter to another well-established doctrine in the law of suretyship.

In Stearns, Law of Suretyship (5th ed.; p. 177) it is stated: " A judgment in favor of the principal in an action brought by

the creditor against him is conclusive against the creditor in a subsequent action brought by him against the surety ''. (See, also, *ibid.*, § 7.20, p. 231 and 1 Freeman, Judgments [5th ed.], § 466.)

A judgment which would be *res judicata* in a subsequent suit against the surety should be no less binding because the surety happens to be a party in the same suit. The determination herein is thus so logically inconsistent, it should not stand. The judgment in favor of the principal should automatically preclude judgment against the surety.

What has been said hereinabove is predicated on the acceptance of the ruling of the court that the principal is being exonerated solely because of the failure to bring suit within the 16 months' period. However, I believe that the other defenses to the action should have been sustained, and the surety held not liable on the bond.

In the first place, the revocation of the principal's license was based upon acts of one of the licensee's officers committed in connection with premises other than the one covered by the license. The bond (par. 6) provides that '' A breach of any condition of this bond shall be deemed to have been established by the revocation * * * of the aforesaid license ''. The use of the word '' deemed '' connotes a presumption which is rebuttable. Once the license is revoked, it is no longer necessary to prove *de novo* the facts of the violation for which the bond was cancelled. But it is still essential to determine whether the violation comes within the terms of the bond. The surety did not in its bond — fairly construed — promise to answer for any violation at any other location than that covered by the license to the principal. (See *Clement* v. *Smith,* 128 App. Div. 859, affd. 197 N. Y. 531.) Hence, I would hold that the bond herein was given to secure observance of the law on the premises for which the license was issued.

Finally, the revocation of the license herein occurred as a result of a proceeding instituted in June, 1959. However, the license had expired on February 28, 1959. It appears that the licensee sold its business and neither sought nor secured a renewal of the license after February 28, 1959. The court now holds that the proceeding to cancel the license was not barred by the prior expiration of the license. However, in *Matter of De John* v. *New York State Athletic Comm.* (12 A D 2d 318) the court held otherwise. In a dissenting opinion in that case, I vainly urged the proposition which the court would accept without any reference to that decision. On the basis of *Matter of De John* v. *New York State Athletic Comm.* (*supra*) it would

appear that the revocation proceeding herein was wholly unauthorized because there was no license extant at the time revocation proceedings were commenced. Consequently, the surety may successfully urge the unauthorized revocation as a defense to this action on the bond.

I, therefore, dissent. I would reverse the order granting summary judgment against the surety and would dismiss the complaint as against the surety as well as against the principal.

BOTEIN, P. J., and BREITEL, J., concur with STEUER, J.; VALENTE, J., dissents in part, in opinion in which BERGAN, J., concurs.

Order, entered on June 27, 1961 and judgment entered thereon on June 29, 1961 affirmed as to the defendant Standard Accident Insurance Company, with costs to respondent, and reversed, on the law, and the motion for summary judgment denied as to defendant Elaine & Heyward Bar and Restaurant, Inc., with costs to that appellant against respondent. Settle order on notice.