(28 Misc. Rep. 408.)

## In re LYMAN.

(Supreme Court, Special Term, New York County. July, 1899.)

1. LIQUOR TAX CERTIFICATE—PROCEEDINGS TO CANCEL—COSTS.

In a proceeding brought to cancel a liquor tax certificate, the party on whose petition the proceedings were instituted is entitled to have the right to cancellation determined, though after its commencement and before the determination of the proceeding the certificate expired by lapse of time, as the statute provides that costs may be awarded in favor of or against any party to such proceeding, and costs are dependent on the question of whether or not there were adequate grounds for the commencement of the proceedings.

2. INTOXICATING LIQUORS—SALE ON SUNDAY BY HOTELS.

The mere fact that a sandwich is placed by the side of drinks ordered, where the sandwich was neither ordered, eaten, nor paid for by the customer, does not constitute a place where liquor is sold a hotel, so as to extend to it privileges available to hotels in regard to the sale of liquors with meals on Sunday.

Petition by Henry H. Lyman for an order revoking a liquor tax certificate issued to Patrick Monahan. Petition granted.

Alfred R. Page, for petitioner.
Guggenheimer, Untermyer & Marshall, for respondent.

TRUAX, J. It is claimed by the learned counsel for the respondent that a decision of this case is no longer necessary, because the liquor tax certificate which this proceeding is brought to have canceled expired by act of law on the 1st day of May, 1899, and that, therefore, the decision of this case would be the decision of an academic question, and not of an actual litigation. There is no force in this claim. The proceeding was taken under subdivision 2 of section 28 of the liquor tax law. There has been a reference in it, as provided by that statute, and, under that section, costs may be awarded in favor of and against any· party thereto. Among such costs would be the expenses incurred upon the reference. For this reason alone I think the relator has the right to have it determined whether he shall or shall not pay these costs. Applying the rules heretofore laid down by the courts (In re Zinzow, 18 Misc. Rep. 653, 43 N. Y. Supp. 714; People v. Murray, 148 N. Y. 171, 42 N. E. 584), the liquor store of which the relator complains is within 200 feet of a building used exclusively as a school. I am also of the opinion that the respondent has violated the provisions of the liquor tax law in selling liquors on Sunday. The burden of showing that his building was a hotel, and conformed to the requirements imposed by section 31 of the liquor tax law, was upon the respondent. In re Lyman, 28 App. Div. 127, 50 N. Y. Supp. 977. The evidence shows that drinks were

sold without meals. Two of the witnesses for the relator swore that they had no drinks without meals, but, taking the testimony of the waiter, who testified that he served said drinks, as true, it shows that no meals were ordered by the persons to whom the drinks were delivered, and that none were paid for by them. To put a sandwich beside a drink, when a sandwich is not ordered, and to take it away again, without having received pay therefor, is not serving, in good faith, a meal with a drink. Motion is granted, with costs.

Motion granted, with costs.