(32 Misc. Rep. 221.)

### In re SCHUYLER.

(Supreme Court, Special Term, New York County. July, 1900.)

1. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATE—REVOCATION—EXPIRATION
   OF LICENSE—BAR TO REVOCATION—DEFENSES.
   Where the evidence justified the revocation of a liquor tax certificate, the fact that the license of the holder of such certificate had expired since the commencement of the proceeding constituted no defense to the action.

2. SAME—DISCHARGE ON CRIMINAL TRIAL—EFFECT.
   Where the evidence in an application by a citizen for the revocation of a liquor tax certificate justified the revocation, the fact that on a criminal prosecution against the holder of such certificate, based on the same facts, the defendant had been discharged, constituted no defense to the action.

Application by Charles E. Schuyler for an order revoking and canceling a liquor tax certificate issued to James Ryan. Certificate revoked.

Royal R. Scott, for petitioner.
Zeller & Miehling, for respondent.

O'GORMAN, J. The evidence clearly establishes the violation alleged in the petition. The respondent, however, resists the application to cancel the certificate on two grounds: First, that the license has expired since the commencement of this proceeding; and, secondly, that on a criminal prosecution based on the acts constituting the violation in question the respondent was discharged. Neither ground is tenable. The right to a cancellation, where the evidence

warrants it, existed at the date of the institution of the proceeding, and cannot be impaired by the subsequent expiration of the license. In re Lyman, 28 Misc. Rep. 408, 59 N. Y. Supp. 968, affirmed in 48 App. Div. 275, 62 N. Y. Supp. 846; In re Howard (Sup.) 66 N. Y. Supp. 1133. Touching the second point, it is sufficient to note that a principal may be held civilly liable for many acts which do not create a criminal liability. Moreover, a proceeding prosecuted by the people of the state cannot be regarded as a bar to the prosecution of this proceeding instituted by a citizen. Let an order be entered revoking the certificate, with costs to petitioner.

Ordered accordingly.

---

(32 Misc. Rep. 223.)

In re LORD.

(Supreme Court, Special Term, New York County. July, 1900.)

INTOXICATING LIQUORS—FILING OF CONSENTS AFTER ISSUANCE OF CERTIFICATE.
    Under the liquor tax law (Laws 1896, p. 45), requiring the filing of the necessary consents of the owner of the premises that such traffic in liquors be so carried on in the premises before the issuance of the certificate, the court cannot order the filing of consents thereafter.

Application by Franklin B. Lord for the revocation and cancellation of liquor tax certificate No. 11,536, issued to Patrick Coughlin. Denied.