(86 Misc. Rep. 543)

FARLEY, State Excise Com'r, v. BARRICK.

(Supreme Court, Special Term, New York County. July, 1914.)

INTOXICATING LIQUORS (§ 108*)—REVOCATION OF LIQUOR TAX CERTIFICATE— INSTITUTION OF PROCEEDINGS.

A proceeding under Liquor Tax Law (Consol. Laws, c. 34) § 15, subd. 8, to revoke a liquor tax certificate, must be commenced within the excise year for which the certificate was issued.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

Proceeding by William W. Farley, as State Commissioner of Excise, against Rosa L. Barrick, to revoke a liquor tax certificate. Proceeding ordered dismissed.

A. M. Sperry, of Albany, for petitioner.
K. H. Rosenberg, of New York City, for defendant.

PAGE, J. This proceeding, to revoke a liquor tax certificate, was commenced by the state commissioner of excise after the term for which the certificate was granted had expired. The ground upon which the revocation of the certificate is sought is that on several Sundays in the month of September the holder of the liquor tax certificate did traffic in liquors, and did suffer and permit persons not members of her family to be and remain in the room in which liquors were sold, and did, during said month, unlawfully suffer the premises to be, become, and remain disorderly, and maintain the premises as a disorderly house. Upon the return of the order to show cause, the attorney for the certificate holder moved to dismiss the proceedings, upon the ground that before the proceeding was instituted the term for which the liquor tax certificate was issued had expired.

I am of opinion that a proceeding to revoke and cancel the certificate cannot be instituted after the expiration of the period for which it was issued. The Liquor Tax Law assesses a tax upon the traffic in liquors within this state, and prohibits any one from engaging in such traffic until the tax shall have been paid and an application statement and bond shall have been filed and approved·by the proper official. A certificate evidencing this fact is issued, which the holder thereof is required to keep prominently posted in the premises. This certificate is in effect a license permitting the holder thereof to traffic in liquors for the period for which the tax has been paid. It also has a surrender value. Upon discontinuing traffic, the certificate may be surrendered and a proportionate part of the tax recovered from the state for the unexpired period to the end of the period for which the tax had been paid. After the expiration of the period it is of no value, force, or effect. As a license to do business it has ceased to exist, and, the period for which the tax was paid having expired, it has no surrender value. There is, therefore, nothing to revoke or cancel. It has been repeatedly held that where the proceeding has been instituted prior to the expiration of the term of the certificate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it may be carried to a conclusion, notwithstanding the fact that the period expired before the proceeding had terminated. Matter of Lyman v. Monahan, 28 Misc. Rep. 408, 59 N. Y. Supp. 968; Id., 48 App. Div. 275, 62 N. Y. Supp. 846; Matter of Schuyler, 32 Misc. Rep. 221, 66 N. Y. Supp. 251; Matter of Farley, 161 App. Div. 205, 146 N. Y. Supp. 473. But in those cases the right to cancellation existed at the time the proceeding was instituted.

The learned counsel for the petitioner argues that there is no limitation set in the Liquor Tax Law within which a proceeding of this nature must be instituted, and as there is in said statute a limitation of 9 months after the cause of action accrued within which an action upon the bond must be brought (section 16), he argues that such a proceeding may be maintained at any time within the general statute of limitations. But to my mind the fact that the Legislature has shortened the time within which an action may be commenced on the bond from 20 years to 9 months, and has established no limitation within which a proceeding upon the same state of facts may be instituted to cancel the certificate, goes far to prove that no limitation other than that established by the period for which the certificate was issued was considered necessary. By subdivision 8 of section 15 of the Liquor Tax Law, it is provided that:

"If the violation of law for which the cancellation or forfeiture of said certificate was had was that any person while a holder of a liquor tax certificate issued for said premises or his agent had suffered or permitted said certificated premises * * * to become disorderly, * * * no new certificate shall be issued for said premises to any person and no person shall traffic in liquor in said premises for the period of one year from the date of the entry of a final order canceling such certificate."

The purpose of this provision is to effectually prevent the continuance of a disorderly place by the suppression of liquor traffic therein for a year. I can see no public policy to be conserved by a construction that would allow the bringing of a proceeding to revoke the certificate 9 years and 11 months after the violation, for the mere purpose of closing the premises for a year, even though the premises may have been conducted in an entirely lawful manner for the preceding 9 years and 10 months. The title to the premises may have changed many times. Many different persons may, in the meantime, have conducted business on the premises in a manner above reproach. What possible purpose can be served in at that time bringing a proceeding to revoke and cancel a certificate which had ceased to exist years before, and in obtaining an order the effect of which would be to deprive the then owner of the full use and enjoyment of his property for one year thereafter? It is a rule of statutory construction that "a bad result suggests a wrong construction." People v. Fitzgerald, 180 N. Y. 269, 275, 73 N. E. 55, 56. Unless it is held that the time to commence the proceeding is limited to the period for which the certificate was issued, the 10-year limitation must apply.

The learned counsel for the state commissioner of excise suggests that if the statute is construed to require the proceeding to be commenced within the life of the certificate, and before the expiration of the excise year, it will in effect nullify the statute. The petition for

revocation of the certificate states that on each and every day from October 1, 1912, to September 30, 1913 (the entire excise year), the certificate holder did suffer and permit the premises to be disorderly and a resort for prostitutes. Specifically, it is alleged that these conditions were found to exist by special agents of the excise department on the 9th, 10th, 11th, 12th, 13th, and 14th days of September, 1913. There was, therefore, ample time to commence the proceedings prior to the 30th day of September, 1913, and if, with the knowledge of these facts in the possession of the department, 4 months were allowed to elapse before the institution of the proceedings, and by reason of this unnecessary delay, the right to maintain the proceeding was lost, the fault rests not in the law, but in the negligence of the state commissioner and his subordinates. There still remained, however, the right to bring an action on the bond filed by the certificate holder with the department, and the certificate holder could still be prosecuted criminally for maintaining a disorderly house. Furthermore, if the premises were still suffered and permitted to be disorderly by the holder of the certificate for the excise year, beginning October 1, 1913, a proceeding could be commenced for the revocation of that certificate, which would insure the closing of the place for a year. If the evil has already been suppressed, and the premises are being conducted in an orderly, lawful manner, the result sought by this proceeding has been accomplished. I therefore see no force in the argument that the purpose of the Legislature in enacting this provision of the Excise Law is defeated, if it is held that the proceedings must be commenced within the excise year for which the certificate was issued.

The petitioner's counsel has called to my attention decisions by two of my associates in other judicial departments holding to the contrary of this decision. I have carefully read and considered their opinions, and regret that I cannot adopt their conclusions. The proceeding will therefore be dismissed, with $10 costs.

Ordered accordingly.