No. 17,947.

CHARLES E. PARKER *v.* PEOPLE OF THE STATE OF COLORADO, EX REL. NETTIE LAVERN WOODS, ET AL.

(309 P. [2d] 605)

Decided April 1, 1957.   Rehearing denied April 29, 1957.

Mr. JAMES B. RADETSKY, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

PLAINTIFF in error, referred to herein as Parker, had a real estate brokers license issued to him for the calendar year 1955, which license was issued pursuant to C.R.S. '53, 117-1-1. This license, as well as all other licenses issued pursuant to the statute mentioned for the year 1955, unless sooner revoked, expired December 31, 1955. On July 27, 1955, after the filing of a complaint charging Parker with acts warranting revocation of his license and after proper notice and hearing thereon, the Secretary of State notified Parker that his license was revoked "as of August 10, 1955, for the remainder of the year 1955." Parker within the time provided by law and in conformity with C.R.S. '53, 117-1-13, appealed from the decision of the Secretary of State to the district court. On January 4, 1956, four days after Parker's license expired by its expressed terms and the provisions of C.R.S. '53, 117-1-8, the district court entered its judgment as follows:

"Wherefore, it is ordered, adjudged and decreed that the Real Estate Broker's License of Charles E. Parker be, and the same is hereby revoked."

To review this judgment Parker brings the case here on writ of error.

The judgment of the trial court, which Parker seeks to have reviewed, was a nullity when entered. If Parker's license had not been legally and effectively revoked by the Secretary of State, which question we do not decide, then it expired by its own terms four days prior to the trial court's abortive effort to revoke that which was no longer in esse.

The purported judgment of the trial court deprived no one of any rights, granted no one any rights, and is ineffective for any purpose.

We are not unmindful that this court has on occasion reviewed decisions where the specific question involved had become moot after judgment of the trial court. However, those cases involved questions that "immediately or in the near future (might be) repeated

as between the same parties" as in *Van DeVegt v. Commissioners,* 98 Colo. 161, 55 P. (2d) 703, and *Page v. Blunt,* 126 Colo. 324, 248 P. (2d) 1074, or "involve questions of great public importance; of constitutional rights; are of a recurring nature * * *." as stated in *Bruce v. Leo,* 129 Colo. 129, 267 P. (2d) 1014. This case before us does not qualify in either of these categories. There is no constitutional question involved and the matter presented is of private rather than of great public importance.

The judgment of the trial court from the date of its entry was and is a nullity. The writ of error is dismissed.