## No. 18,130.

### DENVER BUICK, INC., ET AL. *v.* CITY AND COUNTY OF DENVER, ET AL.
(319 P. [2d] 216)

Decided December 16, 1957.

Mr. THEODORE EPSTEIN, Messrs. CREAMER & CREAMER, for plaintiffs in error.

Mr. JOHN C. BANKS, Mr. EARL T. THRASHER, Mr. HANS W. JOHNSON, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON, delivered the opinion of the Court.

PLAINTIFFS in error, plaintiffs in the District Court, sought to enjoin the City and its officers from (1) enacting a certain proposed zoning ordinance; (2) publishing or paying for the publication of said ordinance; and (3) to enjoin the defendant, F. W. Dodge Corporation (publisher of The Daily Journal, a legal newspaper), from

publishing said ordinance or receiving compensation for such publication.

It now abundantly appears from the record, from the briefs, from oral arguments and admissions made to this court at the time of oral arguments by counsel representing all parties hereto, that said ordinance has long since been enacted, published, costs of publication paid by the City and accepted by F. W. Dodge Corporation; further, that the legality of said ordinance is now being tested by the plaintiffs in error in Civil Action No. B 13644 in the Denver District Court.

The plaintiffs in error have urged several points for reversal that could involve a determination of public rights or interests under conditions which may be repeated in the future. Though such circumstances have been held to deny the status of mootness we do not believe this to be such a case. See 1 C.J.S. 1017-18, subsec. d, and *Parker v. The People*, 135 Colo. 206, 309 P. (2d) 605. Here a reversal would accomplish nothing — that which was sought to be restrained has been done. Affirmance accomplishes nothing that has not already been accomplished by the judgment of the trial court. See *Londoner v. Denver*, 52 Colo. 15, and *Wendell v. City of Peoria*, 274 Ill. 613, 113 N.E. 918.

The writ of error is dismissed.