No. 18,956.

MARIE SKOGSBERG, DEVISEE, ETC., OF ANNABELLE E. WARD, DECEASED *v.* THEO. M. JACOBS, CONSERVATOR, ETC.
(354 P. [2d] 1007)

Decided August 22, 1960.

Mr. A. J. LAING, Messrs. BOYLE & WITTY, for plaintiff in error.

Messrs. RUSH & RUSH, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hall.

The County Court of Chaffee County on April 9, 1958, in proceedings instituted under the "Colorado Mental Health Act," Session Laws 1957, Chapter 162, adjudicated Annabelle E. Ward and Anthony J. Stark "mentally deficient." Both were ordered committed and confined in the Colorado State Hospital. Ward and Stark were related as sister and brother.

On April 14, 1958, the court appointed Theo. M. Jacobs conservator of the estates of Ward and Stark. Stark died June 7, 1958, whereupon the court appointed Jacobs administrator of his estate. Ward was the sole heir of Stark.

On July 31, 1958, further proceedings to determine the then competency of Ward were had; the Medical Commission appointed to investigate reported that Ward was then mentally competent, and on August 11, 1958, the court so found and adjudicated.

Promptly on being adjudicated competent, Ward filed motions in the competency proceedings instituted against Stark and herself. The motions requested orders vacating and holding void: (1) orders of commitment, (2) orders appointing conservators, (3) the order appointing Jacobs administrator, and (4) all orders entered in the conservatorship and estate matters.

The court on December 5, 1958, denied these motions, and Ward brought the matter to this court by writ of error.

During the pendency of the matter in this court and on April 25, 1960, Ward died and Marie Skogsberg, sole devisee and legatee under the will of Ward and executrix thereunder, was substituted for Ward as plaintiff in error.

Counsel for Skogsberg urge as ground for reversal that the commitment orders of the trial court are void because

of failure to give proper and ample notice to the requisite persons of the hearings preceding the adjudication of mental deficiency and commitment. Counsel further urge that the original orders being void, all subsequent proceedings are void.

■ We conclude that as the matter now stands there is no justiciable issue presented by the record for our resolution. Whether the orders of the trial court are correct, erroneous, valid or void is now a moot question.

The death of Stark terminated the conservatorship. Jacobs, as conservator of Stark and Ward and as administrator of Stark's estate, must now answer to Skogsberg for all of his acts or omissions as conservator and administrator.

Jacobs' duties would not be any greater, less or different in any respect whether the relief sought herein be granted or denied.

Nothing would be achieved by an affirmance or a reversal of the judgment of the trial court.

Skogsberg's rights against Jacobs would not be enhanced or diminished by any determination of the validity of the orders of the trial court. To make such determination would be a useless and futile exercise, barren and unfruitful.

■ In *Arnold, as Mayor v. Carey,* 60 Colo. 499, 158 Pac. 303, this court said:

"It is not within the province of an appellate court to decide abstract or hypothetical questions, disconnected from the granting of actual relief, or from the determination of which no practical result can follow."

Similar pronouncements of this court are to be found in more recent decisions: *Parker v. People* (1957), 135 Colo. 206, 309 P. (2d) 605; *Denver Buick v. Denver* (1957), 136 Colo. 484, 319 P. (2d) 216; *Howard v. Baker* (1958), 138 Colo. 341, 333 P. (2d) 623.

The writ of error is dismissed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.