The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gerald Reed MOLAND, Defendant-Appellant.

No. 84CA1039.

Colorado Court of Appeals, Div. II.

March 20, 1986.

Rehearing Denied April 17, 1986.

Certiorari Granted (Moland) July 7, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Gerald Reed Moland, appeals the denial of his Crim.P. 35(c) motion for post-conviction relief, alleging numerous points of error. We hold that the contentions are moot and dismiss the appeal.

This is the second time that defendant has been before this court on the same motion. In an unpublished opinion issued February 2, 1984, we remanded the case for entry of specific findings of fact and conclusions of law. After rehearing, the trial court again denied the motion, finding that: (1) there was no present need for such relief, and (2) there was no error justifying post-conviction relief.

The Attorney General argues that the trial court was correct in concluding that there was no "present need" for relief. We agree.

The American Bar Association Standards Relating to Postconviction Remedies are applicable to issues relating to the timeliness of post-conviction claims. *People v. Muniz*, 667 P.2d 1377 (Colo.1983).

ABA, *Standards for Criminal Justice*, Standard 22–2.4 (2d ed.1986 Supp.Vol.4) reads:

"(c) Where an applicant has completed service of a challenged sentence and belatedly seeks postconviction relief, he or she can be charged with the burden of showing present need for such relief. A sufficient showing of present need is made where:

"(i) an applicant is facing prosecution or has been convicted and the challenged conviction or sentence may be, or has been, a factor in sentencing for the current offense;

"(ii) an applicant may be disadvantaged in obtaining parole under a later sentence; or

"(iii) an applicant is under a civil disability resulting from the challenged conviction and preventing the applicant from a desired and otherwise feasible action or activity."

Here, the judgment of conviction for which defendant sought review was rendered February 13, 1975, and the sentence was completely discharged prior to the filing of defendant's Crim.P. 35(c) motion. Thus, the above Standard applies to his motion.

At the time defendant filed his Crim.P. 35(c) motion, his 1975 judgment of conviction was one of the convictions being used against him for sentence enhancement in another case. *See* § 16–13–101, C.R.S. (1978 Repl.Vol. 8) (habitual criminal statute). Therefore, defendant is correct in his assertion that a "present need" under Standard 22–2.4(c)(i) existed when the motion was filed. *See People v. Muniz, supra.* However, subsequent to the motion, the habitual criminal charge was dismissed,

and defendant has neither asserted nor do we perceive that any of the other subsections of Standard 22–2.4(c) are applicable to him. The issue then is whether this court should consider defendant's appeal of the denial of his Crim.P. 35(c) motion in light of the dismissal of the habitual criminal charge.

A case is moot when any judgment rendered will have no practical legal effect upon an existing controversy. *Reserve Life Insurance Co. v. Frankfather*, 123 Colo. 77, 225 P.2d 1035 (1950); *Lininger v. City of Sheridan*, 648 P.2d 1097 (Colo.App. 1982). An issue which is not moot at the time it is raised may become moot by subsequent events either before judgment, *see Parker v. People ex rel. Woods*, 135 Colo. 206, 309 P.2d 605 (1957), or after judgment. *See Heckers v. Avanti Corp.*, 495 P.2d 239 (Colo.App.1972) (not selected for official publication). Generally, when an issue raised on appeal has become moot by events subsequent to entry of judgment by the trial court, an appellate court will refrain from rendering an opinion on the merits of that question. *Lininger v. City of Sheridan, supra.*

Here, affirmance or reversal of the trial court on defendant's Crim.P. 35(c) motion will have no legal effect on the proceeding which gave rise to the motion. The habitual criminal charge was dismissed. Our consideration of defendant's contentions, under the circumstances presented here, would be nothing more than a determination of abstract questions which have been divorced from existing facts or rights. *Cf. Reserve Life Insurance Co. v. Frankfather, supra.*

Even though defendant had a "present need" when the Crim.P. 35(c) motion was filed, we hold that the dismissal of the habitual criminal charge rendered his contentions as to that proceeding moot. Likewise, the issues raised in this appeal are moot.

Moreover, we find no justification for relaxation of the standard of mootness in this case because the matters presented here are private as to defendant and are not of great public importance. *See Parker v. People, ex rel. Woods, supra; Lininger v. City of Sheridan, supra.*

Defendant is in error in his contention that our previous unpublished opinion decided this question. Although dicta in that opinion correctly stated that defendant had a "present need" at the time that his Crim.P. 35(c) motion was filed, the opinion did not address the issue whether the motion could become moot by subsequent events. Therefore, there is nothing in our previous opinion inconsistent with our resolution of this appeal.

Appeal dismissed.

STERNBERG and TURSI, JJ., concur.