**TRAPPERS LAKE LODGE & RESORT, LLC, a Nebraska limited liability company, d/b/a Trappers Lake Lodge & Resort, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF REVENUE, Defendant–Appellee.**

No. 06CA0491.

Colorado Court of Appeals, Div. V.

July 12, 2007.

Cline, Williams, Wright, Johnson & Oldfather, L.L.P., Tracy A. Oldemeyer, Fort Collins, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

Trappers Lake Lodge & Resort, LLC, appeals the revocation of its two liquor licenses. We affirm.

In connection with the operation of a recreational resort in the White River National Forest, Trappers had a hotel and restaurant liquor license and a 3.2% beer license. On their face, both licenses were in effect from March 2004 to March 2005.

In December 2004, the State Licensing Authority (SLA) of the Colorado Department of Revenue issued Trappers an order to show cause why its licenses should not be suspended or revoked for certain violations of the liquor code, rules, or regulations. More specifically, the SLA alleged that Trappers had failed to maintain possession of the licensed premises, employed persons of unsatisfactory character, failed to give notice of a change in management, failed to display a warning that it is illegal to sell alcohol to underaged persons, and purchased more than $500 worth of alcohol from a retail liquor store in a calendar year.

The Department and Trappers entered into settlement negotiations. When it became clear that a settlement would not be reached, the Department, in May 2005, scheduled a hearing on its show cause order for June 13, 2005.

Trappers objected, arguing that the Department no longer had jurisdiction to revoke licenses which, by their very terms, had expired in March. A hearing officer (HO) rejected Trappers' jurisdictional argument, and, based upon his determination that Trappers had committed the alleged violations, recommended revocation of Trappers' licenses. The Department adopted, in toto, the HO's conclusions and recommendations.

Trappers sought judicial review of the Department's order pursuant to the State Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S.2006. In that proceeding, the trial court upheld the Department's revocation order, finding that the Department retained jurisdiction to complete the disciplinary action that it had begun in December 2004, when Trappers' licenses were still in effect.

## I. The Department's Jurisdiction to Revoke the Licenses

■ Trappers contends that the Department lacked jurisdiction in June 2005 to revoke its licenses. More specifically, Trappers asserts that, under the Colorado Liquor Code, § 12–47–101, et seq., C.R.S.2006 (the Code), (1) the Department is only authorized to revoke "licenses" and (2) licenses remain in effect for only one year, unless earlier suspended or revoked by the Department. Consequently, Trappers argues, if, as here, a license is not suspended or revoked within its one-year lifespan, it no longer exists and, thus, is not subject to suspension or revocation thereafter. For the following reasons, we are not persuaded.

■ The Department's jurisdiction to revoke Trappers' licenses turns upon an interpretation of the Code, which presents a question of law subject to de novo review by this court. *See Ferrel v. Colo. Dep't of Corr.*, 179 P.3d 178, 182, 2007 WL 1576046 (Colo.App. No. 05CA2303, June 1, 2007)("Statutory interpretation is a question of law that we review de novo."); *see also Hawes v. Colo. Div. of Ins.*, 65 P.3d 1008, 1015 (Colo.2003) (appellate court reviews de novo an agency's determination of its own jurisdiction).

When construing a statute, a court must ascertain and give effect to the intent of the General Assembly and refrain from rendering a judgment that is inconsistent with that intent. To determine legislative intent, we look first to the words of the statute. If those words are clear and unambiguous in import, we apply the statute as written. *State v. Nieto*, 993 P.2d 493, 500 (Colo.2000). If, however, the words are ambiguous or unclear, such that "the words chosen do not inexorably lead to a single result," we may consider, among other things, the legislative

declaration, the object sought to be attained, and the consequences of a particular construction. *State v. Nieto, supra,* 993 P.2d at 501. Ultimately, a statute must be construed to further the legislative intent represented by the entire statutory scheme. *State v. Nieto, supra,* 993 P.2d at 501.

Here, Trappers correctly points out that the Code authorizes the Department to "suspend or revoke [liquor] licenses," § 12–47–202(1)(a), C.R.S.2006, and that, under the Code, liquor licenses are "valid for a period of one year from the date of their issuance." Section 12–47–301(1), C.R.S.2006. However, the Code provides that the Department may suspend or revoke those licenses "upon a violation of [title 12, articles 46–48] or any rule or regulation adopted pursuant to such articles," § 12–47–202(1)(a), and the Code is silent on when suspension or revocation proceedings must be completed (or, for that matter, initiated). *See* § 12–47–301(1) (a license is "valid for a period of one year from the date of [its] issuance unless revoked or suspended pursuant [as pertinent here] to section 12–47–601"); § 12–47–601(1), C.R.S. 2006 (providing only that, prior to revoking or suspending a license, Department must (1) investigate the matter and (2) hold a public hearing at which the licensee is afforded the opportunity to be heard).

Because the wording of the Code does not provide an answer to this issue, we turn to other indicia of legislative intent, as well as to pertinent case law, to discern legislative intent.

According to its legislative declaration, the purpose of the Code is to protect the economic and social welfare, as well as the health, peace, and morals of the people of the state. Section 12–47–102(1), C.R.S.2006; *see New Safari Lounge, Inc. v. City of Colorado Springs,* 193 Colo. 428, 434, 567 P.2d 372, 376 (1977) ("the primary purpose of Colorado's liquor laws is to authorize the sale and consumption of intoxicating beverages while simultaneously protecting the public's health, safety and welfare"). In this regard, a division of this court has recognized that "[l]iquor licensing authorities need maximum leeway in carrying out their policing function."

*Costiphx Enters., Inc. v. City of Lakewood,* 728 P.2d 358, 360–61 (Colo.App.1986).

We need not decide here whether, consistent with such leeway, the Department is empowered to institute revocation proceedings after a license has expired. *See, e.g., Alpern v. License Appeal Comm'n,* 38 Ill. App.3d 565, 348 N.E.2d 271, 272 (1976) (recognizing such authority); *In re Seila's Liquor License,* 124 Pa.Super. 519, 190 A. 203, 205 (1937)(same). It is enough that we hold that revocation proceedings commenced before the expiration of a license can be completed even after the expiration date of the license.

Divisions of this court have reached similar results in other contexts. *See People v. Galvin,* 961 P.2d 1137, 1138 (Colo.App.1997) (running of probationary term is tolled by the initiation of revocation proceedings); *People v. Peretsky,* 44 Colo.App. 270, 273, 616 P.2d 170, 172 (1980) (running of deferred judgment limitation period will be tolled if revocation proceedings are initiated before end of that period).

In a more analogous context, involving the licensing of professionals, other courts generally hold "that a disciplinary board may complete a proceeding that is commenced while the licensee held his or her license." *Nims v. Wash. Bd. of Registration,* 113 Wash.App. 499, 53 P.3d 52, 55 n. 17 (2002); *see Patel v. Kan. State Bd. of Healing Arts,* 22 Kan. App.2d 712, 920 P.2d 477, 479–80 (1996)(relying on doctrine of "continuing jurisdiction," once jurisdiction properly acquired, to sustain revocation of a previously canceled medical license).

Indeed, other courts have reached this same result in cases involving revocation of liquor licenses. *See People v. Standard Accident Ins. Co.,* 17 A.D.2d 1, 230 N.Y.S.2d 145, 146 (1962)("the expiration of the license period will not bar a proceeding begun during that license period"), *modified,* 13 N.Y.2d 751, 242 N.Y.S.2d 55, 192 N.E.2d 24 (1963); *In re Schuyler,* 32 Misc. 221, 66 N.Y.S. 251, 251–52 (Special Term 1900)("The right to a cancellation, where the evidence warrants it, existed at the date of the institution of the proceeding, and cannot be impaired by the subsequent expiration of the license."); *Vita-*

*li v. Smith,* 105 R.I. 760, 254 A.2d 766, 768 (1969)(allowing disciplinary proceedings, once initiated, to be carried through to their conclusion, despite the expiration of the license). *But cf. Schurman v. Bureau of Labor,* 36 Or.App. 841, 585 P.2d 758, 759 (1978) (reaching opposite conclusion, in the context of revocation of employment agency business license).

For the following reasons, we are persuaded that this should be the result here.

The SLA's power to revoke a license exists "upon a violation" of the Liquor Code or rules promulgated thereunder, § 12–47–202(1)(a), and is manifested through the SLA's corresponding power to investigate and hold a public hearing prior to revocation. The right to revoke a license, therefore, exists at least as of the date of the alleged violation, and the Liquor Code contains no corresponding language ending that authority.

If we were to accept Trappers' construction of the Code, it would allow a licensee to violate the liquor laws and regulations "with impunity, provided [the licensee] waits until the term of [the] license has so nearly expired that it would be impossible for [the] violations to be detected, a petition for revocation presented, due notice given, and a hearing had before the expiration of the term of [the] license." *In re Seila's Liquor License, supra,* 190 A. at 205. Such a construction would contravene the legislative intent of protecting the public's health, safety, and welfare, *see In re Seila's Liquor License, supra,* 190 A. at 205, and produce an absurd result. *See Cherry Hills Village v. S. Suburban Park & Recreation Dist.,* 160 P.3d 376, 379 (Colo.App.2007) ("courts will not interpret a statute in a manner that leads to an absurd or unreasonable result").

In our view, prohibiting the SLA from carrying through to conclusion disciplinary proceedings instituted during the life of the license would thwart the legislative intent of the Liquor Code. Consequently, we conclude that the SLA had jurisdiction to revoke Trappers' licenses after they would have otherwise expired.

We necessarily reject Trappers' reliance on *Parker v. People ex rel. Woods,* 135 Colo. 206, 309 P.2d 605 (1957), for a contrary conclusion. In *Parker,* the supreme court reviewed a district court's decision upholding the revocation of a real estate broker's license that, by statute, expired on December 31, 1955. The Secretary of State notified Parker that his license "was revoked 'as of August 10, 1955, for the remainder of the year 1955.'" *Parker, supra,* 135 Colo. at 207, 309 P.2d at 605. Parker timely appealed to the district court, which, however, did not render judgment upholding the revocation until January 4, 1956, four days after Parker's license had expired. *Parker, supra,* 135 Colo. at 207, 309 P.2d at 605.

Although it characterized the district court's decision as being "a nullity when entered," the supreme court did not resolve the case on that basis. Instead, it dismissed the appeal as moot:

> If Parker's license had not been legally and effectively revoked by the Secretary of State ... then it expired by its own terms four days prior to the trial court's abortive effort to revoke that which was no longer in esse.

> The purported judgment of the trial court deprived no one of any rights, granted no one any rights, and is *ineffective for any purpose.*

*Parker, supra,* 135 Colo. at 207, 309 P.2d at 605 (emphasis added).

Unlike the situation in *Parker,* in this case the revocations are not "ineffective for any purpose." The Liquor Code provides various consequences as a result of a licensee's previous violations. For example, licensees who have previously been determined to have violated alcohol beverage laws must provide additional information when applying for a new license; licensees with previous suspensions or revocations are prohibited for two years from paying a fine in lieu of a suspension for a subsequent violation; and licensees have the record of their suspensions or revocations filed with the clerk of the house of representatives and the secretary of the senate. *See* §§ 12–47–307(3)(c)(III), 12–47–601(3)(a)(III), (8), C.R.S.2006.

In contrast to the situation in *Parker*, the revocations here did not, on their face, have effect only until the licenses' expiration dates, and, as previously noted, they have present consequences for Trappers. Thus, the revocations were not mooted merely because the licenses would have otherwise expired. *See In re Seila's Liquor License, supra,* 190 A. at 205.

### II. Attorney Fees

Because of the manner in which we have resolved this issue, we reject Trappers' assertion that it is entitled to attorney fees under §§ 13–17–102(4) and 24–4–105(4), C.R.S.2006, for defending against a frivolous continuation of the revocation proceeding.

The judgment is affirmed.

CARPARELLI and PLANK *, JJ., concur.