COLORADO COURT OF APPEALS                                    **2016COA100**

Court of Appeals No. 15CA0143
Jefferson County District Court Nos. 12PR1404 & 13CV742
Honorable Lily W. Oeffler, Judge

In the Matter of Donald C. Taylor and Margaret Ann Taylor Trust,

and

Vicki Spacek,

Plaintiff-Appellee,

v.

Benjamin Luke Taylor, individually and as Co-Trustee of the Donald C. Taylor
and Margaret Ann Taylor Joint Revocable Trust,

Defendant-Appellant,

and

Darren Ferguson, individually and as Co-Trustee of the Donald C. Taylor and
Margaret Ann Taylor Joint Revocable Trust and as Co-Personal Representative
of the Estate of Margaret Ann Taylor, Deceased,

Intervenor-Appellee.

JUDGMENT AND ORDER AFFIRMED

Division I
Opinion by JUDGE DAILEY
Freyre, J., concurs
Taubman, J., concurs in part and dissents in part

Announced June 30, 2016

Evans Case, LLP, Aaron L. Evans, Larry Jacobs, Denver, Colorado, for Plaintiff-
Appellee

Hall & Evans, LLC, Alan Epstein, Bruce A. Menk, Denver, Colorado, for Defendant-Appellant

Law Offices of Daniel T. Goodwin, Daniel T. Goodwin, Broomfield, Colorado; Donelson Barry, LLC, Caroline R. Kert, Paige Orgel, Broomfield, Colorado, for Intervenor-Appellee

¶ 1     In this case involving a breach of fiduciary duty claim, defendant, Benjamin Luke Taylor, individually and as a co-trustee of the Donald C. Taylor and Margaret Ann Taylor Joint Revocable Trust, appeals the judgment and order awarding attorney fees in favor of plaintiff, Vicki Spacek, and intervenor, Darren Ferguson, individually and as a co-personal representative of the Estate of Margaret Ann Taylor and a co-trustee of the Donald C. Taylor and Margaret Ann Taylor Joint Revocable Trust.  We affirm.

## I.     Background

¶ 2     Donald and Margaret Ann Taylor were married to one another. They each had children from prior marriages: defendant is Donald's son, and plaintiff and intervenor are Margaret Ann's children.

¶ 3     Donald and Margaret Ann created a revocable trust, the primary purpose of which was to benefit whichever spouse survived the other.  Upon the death of the surviving spouse, half of the trust's remaining assets were to be distributed to Donald's children, with the other half going to Margaret Ann's children.

¶ 4     Donald and Margaret Ann also separately created investment accounts with identical values that were transferable upon death

1

only to their respective children. When Donald died in 2010, the assets in his separate investment accounts passed to his children.

¶ 5     Upon Donald's death, defendant became a co-trustee of the trust with Margaret Ann, who was suffering from a terminal illness. Margaret Ann relied on defendant for financial advice. He purported to sign documents under her name on several occasions, including once when she was out of the state. Shortly before her death in 2011, Margaret Ann, at defendant's urging, transferred into the trust monies which she had separately placed in her investment accounts and designated as payable upon death only to her children. By transferring these monies into the trust, only half of the monies would pass to her children and the other half would pass to Donald's children.

¶ 6     Following Margaret Ann's death, defendant filed a probate petition in Jefferson County District Court for distribution of the trust's assets. Thirteen days after defendant filed the petition, however, plaintiff filed a civil action in El Paso County District Court against defendant. In her amended complaint, plaintiff alleged, as pertinent here, that (1) as a co-trustee of the trust, as Margaret Ann's agent under a written power of attorney, and as a

result of a confidential relationship he had with Margaret Ann, defendant owed fiduciary duties to Margaret Ann; and (2) defendant breached these duties by improperly influencing Margaret Ann to transfer into the trust the monies that she had set aside as only for her children.

¶ 7 After venue in the civil action was changed to Jefferson County and the civil action was consolidated with the probate action, intervenor was allowed to file, on behalf of himself and Margaret Ann's estate, a complaint presenting allegations similar to those in plaintiff's amended complaint. (For convenience, plaintiff and intervenor will hereafter be referred to, collectively, as "plaintiffs.")

¶ 8 Defendant requested a trial by jury. At the conclusion of plaintiffs' evidence, defendant moved for a directed verdict primarily on the ground that (1) plaintiffs' claim related only to activity prior to Margaret Ann's death, when she was the sole beneficiary of the trust; and (2) consequently, the only person to whom defendant could have owed a fiduciary duty at the time was Margaret Ann. Plaintiffs could not, defendant asserted, "recover for a breach of fiduciary duty owed to someone other than [themselves]." The trial

court disagreed, relying on section 15-10-504(2), C.R.S. 2015, and submitted the breach of fiduciary duty claim to the jury.

¶ 9       On that claim, the jury returned verdicts awarding damages of $65,000 to each of the plaintiffs.  Subsequently, the trial court, again relying on section 15-10-504(2), awarded each of the plaintiffs $40,000 in attorney fees.

¶ 10      On appeal, defendant contends that, as a matter of law, plaintiffs could not recover damages and attorney fees for a breach of fiduciary duty in this case.  He asserts, in this regard, that (1) there was no evidence presented of a breach of fiduciary duty owed to Margaret Ann or (2) even if there was, plaintiffs could neither pursue the breach of fiduciary duty claim nor obtain an award of attorney fees under section 15-10-504(2).  We address these contentions below.

## II.    *Plaintiffs' Recovery for Breach of Fiduciary Duty*

¶ 11      Defendant contends that the trial court erroneously allowed plaintiffs to recover damages (1) when there was no evidence of a breach of fiduciary duty, or, alternatively, (2) based on a fiduciary duty owed not to them but to a third party — i.e., Margaret Ann. We disagree.

*A. We Do Not Address Defendant's Contention That
There Was No Breach of a Fiduciary Duty Owed to Margaret Ann*

¶ 12     In his brief to the trial court, defendant conceded that

"[plaintiff's] allegations, if true, may support a claim by [Margaret

Ann] for breach of fiduciary duty." When he asked for a directed

verdict, defendant did not contradict this position, except to assert

that the evidence showed that Margaret Ann had voluntarily

decided to make the challenged transfers of monies into the trust.

Defendant did not argue, as he does now on appeal, that no

fiduciary duty was breached as to Margaret Ann because he did not

harm the trust or Margaret Ann's interest as beneficiary, nor did he

deplete trust funds or divert them to himself.

¶ 13     For two reasons, we decline to address the argument that

defendant asserts on appeal. First, "[a]rguments never presented

to, considered or ruled upon by a trial court may not be raised for

the first time on appeal." *Estate of Stevenson v. Hollywood Bar &

Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992). Second, defendant's

contention is essentially one paragraph in length, conclusory in

nature, and fails to address the real issue — that is, whether a

claim of breach of fiduciary duty[1] owed to Margaret Ann was supported by evidence that defendant exercised undue influence over her to gain access, through the trust, to property which she had intended would pass only to her children. Because defendant's contention is, in our view, unsupported by any substantial argument, we decline to address it further. *See People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) (declining to address arguments presented in a perfunctory or conclusory manner); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim."); *Topco, Inc. v. State, Dep't of Highways*, 912 P.2d 805, 812 (Mont. 1996) ("It is not the function of this Court on appeal to advocate a party's position, to develop arguments or to locate and cite supporting or opposing authority.").

---

[1] A fiduciary is required to act with good faith and loyalty, unaffected by personal motives. *See, e.g., Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1289 (Colo. 1996) ("One who is acting as a fiduciary for another has the duty to act with the utmost good faith and loyalty on behalf of, and for the benefit of, the other person."); *Wright v. Wright*, 182 Colo. 425, 428, 514 P.2d 73, 75 (1973) ("A fiduciary may not allow personal motives to interfere with the discharge of [fiduciary] duties.").

## B. Plaintiffs Can Recover for a Breach of Fiduciary Duty Owed to Margaret Ann

¶ 14    To be sure, some Colorado authority supports defendant's position that plaintiffs cannot recover damages based on a fiduciary duty owed not to them but to someone else. For instance, in *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020 (Colo. App. 1993), a division of this court said that

> [i]n order to recover on a claim for breach of fiduciary duty, a plaintiff must prove: 1) that the defendant was *acting as a fiduciary of the plaintiff*; 2) that he *breached a fiduciary duty to the plaintiff*; 3) that the plaintiff incurred damages; and 4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's damages.

*Id.* at 1022 (emphasis added).

¶ 15    The division in *Graphic Designs, Inc.*, however, was not confronted, as we are here, with the question of whether a plaintiff may sue on the basis of a fiduciary duty owed to someone else. Nor has any other Colorado appellate decision responded to such a question.[2]

---

[2] Defendant has cited, as a supplemental authority, *Baker v. Wood, Ris & Hames, P.C.*, 2016 CO 5, with respect to the issue "concerning whether he owed plaintiffs a fiduciary duty." But plaintiffs have not argued on appeal that defendant owed *them* a

7

¶ 16     In our view, this question presents an issue of standing. Colorado's traditional test for establishing standing is whether a plaintiff has suffered (1) an injury-in-fact (2) to a legally protected interest. *See Ainscough v. Owens*, 90 P.3d 851, 855-56 (Colo. 2004).

¶ 17     Plaintiffs here have certainly alleged an injury-in-fact: as a result of defendant's actions, their interest in particular monies has been reduced by half.

¶ 18     The question, then, is whether that injury was to a "legally protected interest." We perceive that it was.

¶ 19     We do so largely based on the analysis employed by the California Supreme Court in *Estate of Giraldin*, 290 P.3d 199 (Cal. 2012). There, the court said that, although "[t]he Probate Code does not address this question directly[,] . . . the code, as a whole, implies that after the settlor [of a revocable trust] has died, the beneficiaries . . . may challenge the trustee's breach of the fiduciary

---

fiduciary duty. Moreover, the holding in *Baker* — that children may not maintain a legal malpractice or breach of contract action against attorneys who prepared a parent's estate plan — is based largely on policies peculiar to the attorney-client relationship and, consequently, the need to protect attorneys from liability to persons not privy to that relationship. The concerns addressed in *Baker* are simply not present in this case.

8

duty owed to the settlor to the extent that breach harmed the beneficiaries' interests." *Id.* at 212.

¶ 20    A similar "implication" exists in Colorado's Probate Code.  Part 5 of Title 15, Article 10 of the Colorado Revised Statutes is entitled "Fiduciary Oversight, Removal, Sanctions, and Contempt."  Its provisions address a court's authority to "maintain the degree of supervision necessary to ensure the timely and proper administration of estates by fiduciaries over whom the court has obtained jurisdiction." § 15-10-501(1), C.R.S. 2015.  Consequently, the provisions empower courts to take various actions regarding the ongoing administration of estates.  They do not, in and of themselves, create either a cause of action or additional fiduciary duties.

¶ 21    But one provision, section 15-10-504(2)(a), endorses the view that compensatory damages ought to be recoverable by third parties harmed by breaches of fiduciary duties owed to others.  This provision states:

> If a court, after a hearing, determines that a
> breach of fiduciary duty has occurred or an
> exercise of power by a fiduciary has been
> improper, the court may surcharge the
> fiduciary for any damage or loss to the estate,

9

> beneficiaries, or interested persons. *Such damages may include compensatory damages, interest, and attorney fees and costs.*

§ 15-10-504(2)(a) (emphasis added); *see* § 15-10-201(27), C.R.S. 2015 (defining "[i]nterested person" as including "children . . . and . . . others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person").

¶ 22    This provision is consistent with common law principles recognizing third party standing to sue for breaches of fiduciary duties. *See* George Gleason Bogert, George Taylor Bogert & Amy Morris Hess, *Bogert Trusts & Trustees* § 964 (3d ed. 2010) ("[M]any courts have allowed other beneficiaries to pursue breach of duty claims after the settlor's death, related to the administration of the trust during the settlor's lifetime, when, for example, there are allegations that the trustee breached its duty during the settlor's lifetime and that the settlor had lost capacity, was under undue influence, or did not approve or ratify the trustee's conduct."); *see also, e.g.*, *Brundage v. Bank of Am.*, 996 So. 2d 877, 882 (Fla. Dist. Ct. App. 2008) (Although the trustee owes no duty to the beneficiaries of a revocable trust, "once the interest of the contingent beneficiary vests upon the death of the settlor, the

10

beneficiary may sue for breach of a duty that the trustee owed to the settlor/beneficiary which was breached during the lifetime of the settlor and subsequently affects the interest of the vested beneficiary."); *Siegel v. Novak*, 920 So. 2d 89, 96 (Fla. Dist. Ct. App. 2006) (Denying standing would be "contrary to our sense of justice — a trustee should not be able to violate its fiduciary duty . . . and yet escape responsibility because the settlor did not discover the transgressions during her lifetime. . . . Without this remedy, wrongdoing concealed from a settlor during her lifetime would be rewarded.") (footnote omitted); *Tseng v. Tseng*, 352 P.3d 74, 82 (Or. Ct. App. 2015) (recognizing "that actions by the trustee of a revocable living trust during the settlor's lifetime can amount to a breach of trust for which the beneficiaries of a formerly revocable trust are entitled to seek redress after the settlor's death is consistent with the common law of trusts generally").

¶ 23    Persuaded by these authorities, we conclude that, under the circumstances presented here, plaintiffs could pursue a claim for a breach of fiduciary duty that proved harmful to them, even though the duty was owed to Margaret Ann.

¶ 24    In so concluding, we necessarily reject defendant's attempt to distinguish *Giraldin* and other authorities on the ground that the beneficiaries in those cases were harmed by the trustees' actions in reducing the trusts' assets that would ultimately pass to the beneficiaries.  We are unwilling to limit the reach of the principles espoused in those cases to only that factual scenario; where a trustee's actions breach a fiduciary duty to a settlor, causing harm to the trust's beneficiaries, the beneficiaries ought to be able to recover for the harm caused to them.

¶ 25    Consequently, we perceive no grounds upon which to disturb the jury's verdicts.

### III.    The Trial Court's Attorney Fee Awards

¶ 26    Defendant contends that the trial court erred in awarding plaintiffs attorney fees under section 15-10-504(2).  We disagree.

This is a matter of statutory interpretation and thus presents us with a question of law, which we review de novo.  *Town of Telluride v. San Miguel Valley Corp.*, 197 P.3d 261, 262 (Colo. App. 2008).

¶ 27    When interpreting a statute, "a court must ascertain and give effect to the intent of the General Assembly and refrain from

12

rendering a judgment that is inconsistent with that intent."

*Trappers Lake Lodge & Resort, LLC v. Colo. Dep't of Revenue*, 179

P.3d 198, 199 (Colo. App. 2007).  To determine legislative intent, we

first look to the words of the statute, *id.*, and give effect to their

common meanings, *Bd. of Cty. Comm'rs v. Roberts*, 159 P.3d 800,

804 (Colo. App. 2006).  If those words are clear and unambiguous

in import, we apply the statute as written.  *Trappers Lake Lodge*,

179 P.3d at 199.  "[W]ords omitted by the Legislature may not be

supplied as a means of interpreting a statute."  *Miller v. City & Cty.*

*of Denver*, 2013 COA 78, ¶ 21 (quoting *McWreath v. Dep't of Pub.*

*Welfare*, 26 A.3d 1251, 1258 (Pa. Commw. Ct. 2011)).

¶ 28    As noted above, section 15-10-504 does not create remedies or

procedures for adjudicating tort claims.  Rather, it is part of a

broader section of law dealing with judicial "oversight" or

"supervision" of fiduciaries in the administration of estates.  Section

15-10-504 authorizes various sanctions, to be imposed by the

court, for breaches of fiduciary duty or other improper conduct by

fiduciaries.

¶ 29    As pertinent here, the text of section 15-10-504(2) (which is

recited above) authorizes judicial imposition of "surcharge[s]" upon

13

notice to the fiduciary and after "a hearing" by the court. The context and manner in which the word "surcharge" is used in the provision suggest that it was intended, in its verb form, to mean something like "([o]f a court) to impose a fine on a fiduciary for breach of duty." Black's Law Dictionary 1670 (10th ed. 2014). The text of the provision does not purport to apply to trials resulting in jury determinations of tort claims.

¶ 30   Because we may "not read into a statute an exception, limitation, or qualifier that its plain language does not suggest, warrant, or mandate," *People v. Sorrendino,* 37 P.3d 501, 504 (Colo. App. 2001), we conclude that a trial on a tortious breach of fiduciary duty claim is not a "surcharge proceeding" under section 15-10-504, and, consequently, an award of attorney fees in connection with such a trial is not warranted under section 15-10-504(2). *See In Interest of Delluomo v. Cedarblade,* 2014 COA 43, ¶ 24 & n.4.[3]

---

[3] The partial dissent in this case asserts otherwise, based, at least in part, on the trial court's opinion that, upon consolidation of plaintiff's civil action with defendant's probate action, the case became a "probate matter." To the contrary, it would appear that the "civil action" would not "merge" into the probate action. *See Mission Viejo Co. v. Willows Water Dist.,* 818 P.2d 254, 259 (Colo.

¶ 31    An appellate court may, however, affirm on any ground

supported by the record.  *Rush Creek Solutions, Inc. v. Ute Mountain*

*Ute Tribe*, 107 P.3d 402, 406 (Colo. App. 2004).

¶ 32    Intervenor argues that an award of attorney fees was properly

awarded under the breach of trust exception to the American Rule[4]

articulated in *Heller v. First National Bank, N.A.*, 657 P.2d 992

(Colo. App. 1982).  He points out that both this case and *Heller*

concern the "improper management of a trust."  *Id.* at 995.

¶ 33    Ordinarily, "to support an award for attorney's fees under

*Heller* the [trial] court must find that a breach of trust has

occurred."  *In re Estate of Klarner*, 113 P.3d 150, 157 (Colo. 2005).

Here, neither the trial court nor the jury made an express finding of

---

1991) ("Consolidation does not merge the consolidated actions into a single action."); *see also Marvin Johnson, P.C. v. Myers*, 907 P.2d 67, 71 (Ariz. 1995) ("[I]f a tort action is consolidated with a probate proceeding, the parties to that tort action are entitled to all the rights they would have had under the Rules of Civil Procedure or otherwise, just as though the action had been consolidated with another tort action.").

[4] The American rule "requires each party in a lawsuit to bear its own legal expenses." *Bernhard*, 915 P.2d at 1287; *see Rhodes v. Copic Ins. Co.*, 819 P.2d 1060, 1061 (Colo. App. 1991) ("The 'American rule' follows a general policy of disallowing taxation of attorney fees against a losing party and in favor of a prevailing party to litigation.").

a breach of trust by defendant. But, as the court recognized, the jury determined that defendant had breached a fiduciary duty owed to Margaret Ann and the undisputed evidence was that defendant was a trustee, Margaret Ann was a trust beneficiary, and defendant and his siblings stood to personally gain by the inclusion of the challenged property in the trust.

¶ 34    Under these circumstances, the requirements for a recovery of attorney fees under the breach of trust exception to the American Rule are satisfied. *See Delluomo*, ¶ 10 (noting recovery of fees under this exception requires that the action involve (1) a trust estate; (2) a breach of duty that affects trust assets; and (3) a breach by the trustee); *cf.* Restatement (Third) of Trusts § 95 cmt. b (Am. Law. Inst. 2012) (recognizing that a trustee is subject to breach of trust liability arising from the improper administration of a trust not only for losses to the trust itself but also "as may be necessary to prevent the trustee from benefiting individually from the breach of trust").

¶ 35    In so concluding, we reject, as misplaced, defendant's reliance on the *Delluomo* division's conclusion that fees were not warranted under the breach of trust exception where a fiduciary misused her influence to gain title to property held in trust. Unlike here, the

fiduciary in *Delluomo* was a named beneficiary of the trust and not a trustee.

## IV.  Attorney Fees on Appeal

¶ 36     We reject plaintiffs' requests for awards of attorney fees incurred on appeal.

¶ 37     C.A.R. 39.5 provides that "[i]f attorney fees are otherwise recoverable for the particular appeal, the party claiming [them] shall . . . state the legal basis therefor, in the party's principal brief in the appellate court."  In neither plaintiff's nor intervenor's principal briefs was a request made for attorney fees incurred on appeal under the breach of trust exception to the American Rule.

¶ 38     In her answer brief, plaintiff requests an award of appellate fees only under section 15-10-504(2).  For the reasons previously stated, she is not entitled to fees in connection with a surcharge proceeding (or an appeal therefrom).

¶ 39     In his answer brief, Intervenor requests an award of fees incurred on appeal under section 13-17-102, C.R.S. 2015.  Contrary to intervenor's assertion, however, defendant's appeal was neither frivolous nor groundless.  Consequently, fees are not available for this appeal under section 13-17-102.

## V.    *Conclusion*

¶ 40    The judgment and order awarding attorney fees are affirmed.

JUDGE FREYRE concurs.

JUDGE TAUBMAN concurs in part and dissents in part.

¶ 41    JUDGE TAUBMAN, concurring in part and dissenting in part.

¶ 42    I agree with the majority's opinion, except its conclusion in Parts IV and V that plaintiff, Vicki Spacek, and intervenor, Darren Ferguson (collectively plaintiffs), are not entitled to trial attorney fees or appellate attorney fees under section 15-10-504(2)(a), C.R.S. 2015. I agree with the trial court's well-reasoned decision that plaintiffs are entitled to an award of attorney fees under that statute against defendant, Benjamin Luke Taylor, individually and as co-trustee of the Donald C. Taylor and Margaret Ann Taylor Joint Revocable Trust.

¶ 43    Section 15-10-504(2)(a) provides:

> If a court, after a hearing, determines that a breach of fiduciary duty has occurred or an exercise of power by a fiduciary has been improper, the court may surcharge the fiduciary for any damage or loss to the estate, beneficiaries, or interested persons. Such damages may include compensatory damages, interest, and attorney fees and costs.

¶ 44    The probate code expressly defines "interested person" to include "children . . . and any others having a . . . claim against a trust estate or the estate of a decedent, ward, or protected person, which may be affected by the proceeding." § 15-10-201(27), C.R.S.

19

2015. Because plaintiffs are children of the decedent, Margaret Ann Taylor, they would be entitled to receive attorney fees under section 15-10-504(2)(a) if the trial court, after a hearing, determines either that a breach of fiduciary duty has occurred or an exercise of power by a fiduciary has been improper.

¶ 45    Here, a jury determined that defendant had breached his fiduciary duty to plaintiffs, a conclusion which the majority affirms. Nevertheless, defendant argues that section 15-10-504(2)(a) is inapposite because the breach of fiduciary duty was determined here by a jury rather than by the trial court.

¶ 46    However, I agree with the trial court that the jury trial in this case may be considered a surcharge hearing, especially because defendant demanded a jury trial on the breach of fiduciary duty claim. This conclusion is logical because, as the trial court noted, this action began as a civil case, and after the probate case and the civil case were consolidated, the first trial court judge ruled that the consolidated case was a probate matter in its entirety.[1]

---

[1] The trial court was authorized to consolidate the breach of fiduciary duty action with the probate proceeding under section 15-10-303, C.R.S. 2015. The section provides, in pertinent part, that proceedings involving "the same estate, protected person, ward, or

Accordingly, it follows that the probate code, and specifically section 15-10-504(2)(a), applies here. In the alternative, I would conclude that the separate hearing on attorney fees satisfied the terms of the statute.

¶ 47    I further agree with the trial court's conclusion that section 15-10-504 "provides that court — not the jury — with the power to surcharge a fiduciary for attorney fees." Consequently, even though the breach of fiduciary duty was determined by the jury, the trial

---

trust" may be consolidated in the court where the first proceeding was filed — here, the probate proceeding. *See also* C.R.C.P. 42(a). In addition, the probate code expressly provides for jury trials when a party has a constitutional right to a trial by jury, so defendant's request for a trial by jury on his breach of fiduciary claim was consistent with the trial court consolidating the two cases under the probate code. *See* § 15-10-306(1), C.R.S. 2015. Further, the supreme court's admonition in *Mission Viejo Company v. Willows Water District*, 818 P.2d 254, 259 (Colo. 1991), that "consolidation does not merge the consolidated actions into a single action" does not apply here, where the parties are the same in both proceedings. Finally, the Arizona case on which the majority relies for the proposition that parties to a tort action that is consolidated with a probate action "are entitled to all the rights they would have had under the Rules of Civil Procedure, or otherwise," is inapposite, because defendant here has not been deprived of any of his rights under the Colorado Rules of Civil Procedure. *See Marvin Johnson, P.C. v. Myers*, 907 P.2d 67, 71 (Ariz. 1995). Rather, he has been assessed attorney fees under the Colorado Probate Code, and he has not cited authority to support his contention that he has a right not to be assessed attorney fees under the circumstances presented here.

21

court could properly exercise its responsibilities as a fact finder to determine whether attorney fees should be awarded, and, if so, in what amount.

¶ 48    I disagree with the majority's rejection of plaintiffs' request for an award of appellate attorney fees. Because that request was predicated on the applicability of section 15-10-504(2)(a), and because plaintiffs have prevailed on the merits, I would conclude that they are entitled to an award of appellate attorney fees. Accordingly, I would remand to the trial court to determine the amount of appellate attorney fees to which I believe plaintiffs are entitled.